Louis **ALIREZ,**
**Plaintiff-Appellee/Cross-Appellant,**

v.

**NATIONAL LABOR RELATIONS BOARD,**
**Defendant-Appellant/Cross-Appellee.**

**Nos. 80–1422, 80–1471.**

United States Court of Appeals,
Tenth Circuit.

April 23, 1982.

Sander N. Karp of Karp, Goldstein & Stern, Denver, Colo., for plaintiff-appellee/cross-appellant.

Edward S. Dorsey, Washington, D. C. (Margery E. Lieber, Deputy Asst., Gen. Counsel for Special Litigation, Carol A. De Deo, Atty., William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, and Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., with him on the briefs), for defendant-appellant/cross-appellee.

Before DOYLE, BREITENSTEIN and McKAY, Circuit Judges.

McKAY, Circuit Judge.

This action was commenced under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, by Louis Alirez against the National Labor Relations Board (NLRB or Board).

Mr. Alirez earlier had filed an unfair labor practice charge with the Board against his former employer. The Board investigated the charge, determined that it was meritless, and refused to issue a complaint. Mr. Alirez then requested disclosure of any and all documents in NLRB files relating to the charge. The Board offered to provide him with copies of formal documents contained in the case file, as well as his personal affidavits, but denied his request for the remaining sixteen documents in the file, on the basis that they were exempt from disclosure under the provisions of 5 U.S.C. §§ 552(b)(5), (7)(A), (7)(C), and (7)(D). Fourteen of these documents are informant statements obtained by the Board in the course of its investigation or Board notes of interviews with informants. These fourteen documents reveal threats of physical violence and retaliation at work against fellow employees involved in Mr. Alirez' dispute with his employer, allegations of assaultive conduct on the part of Mr. Alirez, explicit charges of sexual deviancy on the part of another individual, and, in one instance, statements of an employee about his attitude towards unionization. The final two documents are an NLRB "regional agenda minute" and a bid sheet indicating thirty-nine instances in which ten employees were passed over for promotion.

Having exhausted his administrative appeals, Mr. Alirez filed suit in federal district court, under the FOIA, to compel disclosure of the sixteen documents. He subsequently withdrew his request for the "regional agenda minute," conceding that it was exempt under 5 U.S.C. § 552(b)(5).[1] On cross-motions for summary judgment, the district court granted Mr. Alirez' motion and ordered the Board to disclose the remaining

fifteen documents. The Board, however, was permitted to delete from the statements the name, address, and telephone number of any person other than Mr. Alirez. The court also denied Mr. Alirez' request for attorneys' fees.

The Board appeals from the district court's order requiring it to disclose the fifteen documents, arguing that they are exempt from disclosure under exemptions (7)(A), (7)(C), and (7)(D), and Mr. Alirez appeals from the district court's denial of his request for attorneys' fees. The fifteen documents have been delivered to this court under seal.

■ We first must decide whether the district court was correct in its determination that these documents are not exempt from disclosure under the FOIA. The basic policy of the FOIA is in favor of disclosure. *Department of the Air Force v. Rose*, 425 U.S. 352, 360–61, 96 S.Ct. 1592, 1598–99, 48 L.Ed.2d 11 (1976). The FOIA is to be broadly construed in favor of disclosure, *id.* at 366, 96 S.Ct. at 1601, and, unless requested material in the possession of a federal agency falls within one of the statutory exemptions structured to protect specified confidentiality and privacy interests, it must be made available on demand to any member of the general public. *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 220–21, 98 S.Ct. 2311, 2316, 57 L.Ed.2d 159 (1978). These statutory exemptions are to be narrowly construed with all doubts resolved in favor of disclosure, *Department of the Air Force v. Rose*, 425 U.S. at 361–62, 96 S.Ct. at 1599; *EPA v. Mink*, 410 U.S. 73, 79–80, 93 S.Ct. 827, 832, 35 L.Ed.2d 119 (1973), and the federal agency bears the burden of justifying nondisclosure. 5 U.S.C. § 552(a)(4)(B); *Campbell v. United States Civil Service Commission*, 539 F.2d 58, 61 (10th Cir. 1976).

The exemption provisions relied upon by the Board to justify non-disclosure of the fifteen documents state:

---

1. 5 U.S.C. § 552(b)(5) exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."

(b) This section [5 U.S.C. 552, the FOIA] does not apply to matters that are—

(7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings, . . . (C) constitute an unwarranted invasion of personal privacy, [or] (D) disclose the identity of a confidential source . . . .

It is not disputed that the requested documents are "investigatory records compiled for law enforcement purposes" within the meaning of the statute. We first consider, then, whether these documents are privileged from disclosure under exemption (7)(C), on the ground that disclosure would "constitute an unwarranted invasion of personal privacy."

In holding that disclosure of these fifteen documents would not constitute an unwarranted invasion of privacy and that, hence, the documents were not exempt under (7)(C), the district court relied heavily on this court's decision in *Poss v. NLRB*, 565 F.2d 654 (10th Cir. 1977). That case is factually similar to the instant case. In *Poss*, the Board investigated an employee's charge, determined that it was meritless, refused to issue a complaint against the employer, and denied the employee's request for factual information in its files relating to the matter. The employee brought an FOIA action, and the district court ordered disclosure. The Board appealed on several bases, including an assertion that the information was exempt from disclosure under (7)(C). The requested information consisted of statements of co-workers and Board notes of interviews. We affirmed the district court's order to disclose the documents because the Board had failed to show how their disclosure would constitute an unwarranted invasion of privacy. On the record before us at that time, we held that the subject matter did not entail any invasion of privacy, because Poss' co-workers were simply relating what

they knew about the termination of her employment. *Id.* at 658.

■ The district court in the instant case apparently has derived from *Poss* a rule that privacy interests are never in issue with respect to co-worker statements obtained by the Board in its investigation of an unfair labor practice charge. That is an overbroad reading of *Poss*. As the Court indicated in *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978), the language and structure of exemption (7)(C) require the Board to make a specific evidentiary showing that relevant factors are present when asserting (7)(C) as a basis for non-disclosure. *Id.* at 223, 98 S.Ct. at 2317. The court, of course, must consider the evidence presented by the Board. The district court here abused its discretion by not giving sufficient consideration to the evidence presented by the Board to support its reliance on exemption (7)(C).

Exemption (7)(C) is analogous to exemption (6), which applies to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." The language of exemption (7)(C) was proposed with the explanation that it was intended to "make clear that the protections in the sixth exemption for personal privacy also apply to disclosure under the seventh exemption."[2]

In determining whether a requested document is privileged from disclosure under exemption (6), an individual's right of privacy must be weighed against preservation of the public's right to government information. If there is an important public interest in the disclosure of information and the invasion of privacy is not substantial, the private interest in protecting the disclosure must yield to the superior public interest. However, if the invasion of privacy is serious and there is little or no public interest involved, the information is exempt

---

**2.** So explained Senator Hart in proposing the language of (7)(C). Freedom of Information Act and Amendments of 1974 (P.L. 93–502),

Source Book: Legislative History, Texts and Other Documents 333 (Joint Committee Print 1975).

from disclosure. *Campbell v. United States Civil Service Commission*, 539 F.2d 58, 61–62 (10th Cir. 1976).

 In our view, the seventh exemption calls for a similar balancing of competing interests.[3] The initial inquiry must be directed to determining whether there is a serious invasion of privacy. If there is not, the basic policy of the FOIA mandates disclosure. In view of this basic policy, a trivial invasion simply cannot be an unwarranted invasion. If a serious invasion will be caused by disclosure, then it must be determined what public interest will be served by disclosure. The two interests are then weighed in order to determine whether the invasion of privacy is warranted or unwarranted. All doubts are resolved in favor of disclosure. *Department of the Air Force v. Rose*, 425 U.S. 352, 360–62, 96 S.Ct. 1592, 1598–99, 48 L.Ed.2d 11 (1976). In our view, this is the proper test for determining whether a document is privileged from disclosure under exemption (7)(C).

Although the district court did not apply this test, its conclusions as to certain issues make it possible and proper for us to do so. As we have noted, the documents requested by Mr. Alirez contain information of a highly intimate and personal nature. Their disclosure would result in serious invasions of privacy, potentially subjecting Board informants and others to embarrassment or reprisals from Mr. Alirez and their employer.

Such an invasion of privacy is unwarranted unless a superior public interest is served by disclosure. The court addressed the public interest issue in the context of Mr. Alirez' request for attorneys' fees. In declining to award attorneys' fees to Mr. Alirez, the district court concluded that Mr. Alirez' suit was one for personal information only, that it was very difficult to ascertain what substantial public interest would be advanced by disclosure, and that the likely public impact from disclosure would be very limited. Record, vol. 2, at 30–32. In our view, the district court was correct in this determination.

 Therefore, in balancing the seriousness of the invasion of privacy which will be caused by disclosure of these documents against the public interest to be served, we conclude, without doubt, that the invasion is unwarranted and that these documents are privileged from disclosure under exemption (7)(C). The requested material in the possession of the Board falls squarely within the purview of exemption (7)(C). The Board clearly has justified its nondisclosure with a specific evidentiary showing that disclosure would constitute an unwarranted invasion of personal privacy.

The deletion of names and other identifying data ordered by the district court is inadequate to prevent serious privacy invasions.[4] The requested documents relate to

3. Competing interests, however, are balanced differently under the two exemptions, with exemption (7) providing greater protection to privacy interests. Exemption (6) permits nondisclosure only if there would result a *clearly* unwarranted invasion of personal privacy, while exemption (7) requires a mere unwarranted invasion of personal privacy. The United States Supreme Court has noted this distinction.

The legislative history of the 1974 amendment of Exemption 7, which applies to investigatory files compiled for law enforcement purposes, stands in marked contrast [to Congress' limitation of the sixth exemption to cases of "clearly unwarranted" invasions of personal privacy]. Under H.R.12471, 93d Cong., 2d Sess. (1974), as originally amended and passed by the Senate, 120 Cong.Rec. 17033, 17040, 17047 (1974), although not as originally passed by the House, 120 Cong. Rec. 6819–6820 (1974), Exemption 7 was

amended to exempt investigatory files compiled for law enforcement purposes only to the extent that their production would "constitute a clearly unwarranted invasion of personal privacy" or meet one of several other conditions. In response to a Presidential request to delete "clearly unwarranted" from the amendment in the interests of personal privacy, the Conference Committee dropped the "clearly," 120 Cong.Rec. 33158–33159 (letters between President Ford and Sen. Kennedy), 34162 (letters between President Ford and Cong. Moorhead) (1974), and the bill was enacted as reported by the conference committee, 88 Stat. 1563.
*Department of the Air Force v. Rose*, 425 U.S. 352, 379 n.16, 96 S.Ct. 1592, 1607 n.16, 48 L.Ed.2d 11 (1976).

4. The statute provides that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after de-

a few incidents involving about a dozen people. Even sanitized, these documents would enable Mr. Alirez, and others who had specific knowledge of these incidents, to identify readily the informant and persons discussed in each document. As noted by a federal district court in the Ninth Circuit:

> The problems in undertaking to decide which portions of an employee's statement may be released to his employer without revealing that employee's identity are enormous, if, indeed, not insoluble. Merely deleting the name from the statement would not insure against identification, since the employee's narrative, or part of it, may be such that the employer could identify the employee involved, or could narrow the group down to two or three employees. Moreover, it is doubtful whether the court could select which portions to release with the degree of certainty required adequately to protect the interests of employees who wish to avoid identification.

*Harvey's Wagon Wheel, Inc. v. NLRB*, 91 L.R.R.M. 2410, 2415 (N.D.Cal.1976), *remanded in part on other grounds*, 550 F.2d 1139 (9th Cir. 1976).

■ Because we hold that these documents are exempt from disclosure under (7)(C), it is not necessary for us to determine whether they also are exempt under (7)(A) or (7)(D), nor must we determine whether the court was correct in declining to award attorneys' fees to Mr. Alirez. Such an award may be made only to a complainant who has substantially prevailed. *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1365 (D.C. Cir. 1977).

The order of the district court is reversed with respect to compelling disclosure by the Board of the fifteen documents requested by Mr. Alirez and affirmed with respect to its denial of Mr. Alirez' request for attorneys' fees.

AFFIRMED in part and REVERSED in part.

letion of the portions which are exempt under

this subsection." 5 U.S.C. § 552(b).