**VAN BOURG, ALLEN, WEINBERG & ROGER, Plaintiff-Appellant,**

v.

**NATIONAL LABOR RELATIONS BOARD, et al., Defendants-Appellees.**

**VAN BOURG, ALLEN, WEINBERG & ROGER, Plaintiff-Appellee,**

v.

**NATIONAL LABOR RELATIONS BOARD; Natalie Allen, as Regional Director of Region 20, National Labor Relations Board, Defendants-Appellants.**

Nos. 82–4719, 83–1612.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 1983.

Decided Jan. 8, 1985.

David Rosenfeld, Van Bourg, Allen, Weinberg & Roger, San Francisco, Cal., for Van Bourg, Allen, Weinberg & Roger.

Aileen A. Armstrong, Asst. Gen. Counsel, Corinna Metcalf, N.L.R.B., Washington, D.C., for N.L.R.B.

Before BROWNING, Chief Judge, GOODWIN, Circuit Judge, and ROBERT J. McNICHOLS *, District Judge.

PER CURIAM.

Plaintiff law firm brought suit under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), challenging the refusal by the National Labor Relations Board to release documents from its files. The firm had requested affidavits and other documents gathered and produced by the NLRB during an investigation of an unfair labor practices charge brought against a client of the firm, Local 118 of the International Association of Bridge, Structural and Ornamental Ironworkers. The NLRB released some materials but withheld seven docu-

* The Honorable Robert J. McNichols, Chief Judge, United States District Court for the Eastern District of Washington, sitting by designation.

984

ments, claiming exemption from disclosure under 5 U.S.C. §§ 552(b)(5), (b)(7)(A), (b)(7)(C), and (b)(7)(D). Upon cross motions for summary judgment, the district court inspected the seven documents *in camera* and ordered three documents disclosed (*in camera* submission document numbers 3, 4, and 7). The court held that the NLRB properly withheld the remaining four documents (*in camera* submission document numbers 1, 2, 5, and 6). Both sides appeal. We affirm in part and reverse in part.

 The purpose of the FOIA is to "ensure an informed citizenry." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242, 98 S.Ct. 2311, 2327, 57 L.Ed.2d 159 (1978). Under 5 U.S.C. § 552(a)(4)(B) documents are presumed to be subject to disclosure unless the agency proves that one or more of the nine specific statutory exemptions in § 552(b) applies. To ensure maximum disclosure, those nine exemptions should be narrowly construed. *Dep't of the Air Force v. Rose*, 425 U.S. 352, 360-1, 96 S.Ct. 1592, 1598-99, 48 L.Ed.2d 11 (1976). *See, e.g. Church of Scientology v. United States Dep't of Justice*, 612 F.2d 417, 426 (9th Cir.1979) (general purpose of the FOIA justifies narrow construction of the exemptions). The district court is to review *de novo* the agency's decision to withhold documents from disclosure. 5 U.S.C. § 552(a)(4)(B). This court will reverse the district court's findings that a particular document is exempt from mandatory disclosure only if the finding is clearly erroneous. *Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 742 (9th Cir.1979). Because both parties have appealed, we must determine whether any of the cited exemptions apply to any of the seven documents reviewed *in camera* by the district court.

 The district court held that one of the withheld documents, an intra-agency telegram, was properly withheld under § 552(b)(5) as an intra-agency predecisional communication. Neither the NLRB nor the law firm challenges the district court's order with respect to this document (document number 1). *See FTC v. Grolier, Inc.*,

462 U.S. 19, 103 S.Ct. 2209, 2211-12, 76 L.Ed.2d 387 (1983); *EPA v. Mink*, 410 U.S. 73, 85, 93 S.Ct. 827, 835, 35 L.Ed.2d 119 (1973).

The remaining six documents are all affidavits describing union practices, officials, and members, apparently submitted as part of the NLRB unfair labor practices investigation. At issue before this court is whether any or all of these affidavits are exempt from mandatory disclosure under any of the exemptions the parties allege to be applicable.

The district court held that documents 2, 5 and 6 are exempt from disclosure under § 552(b)(7)(C) because their release would create a substantial risk of embarrassment for or reprisals against the authors and subjects and would therefore constitute an unwarranted invasion of privacy. The NLRB argues that these documents are also exempt from disclosure under § 552(b)(5).

FOIA exemption 5 allows withholding of inter- or intra-agency documents which would not be available in litigation to a party other than the agency. The Supreme Court has recently held that, for inter- or intra-agency documents, exemption 5 incorporates all civil discovery privileges; if an internal document would be immune from civil discovery, it is similarly protected from mandatory disclosure under the FOIA. *United States v. Weber Aircraft Corp.*, — U.S. —, 104 S.Ct. 1488, 79 L.Ed.2d 814 (1984); *see FTC v. Grolier*, 103 S.Ct. at 2214. In *Weber*, the Court held that statements made by agency personnel in the course of an airplane crash investigation would be privileged from discovery and accordingly also exempt from mandatory disclosure under the FOIA. The documents in *Weber* were internal agency documents. The statements were submitted by employees of the agency doing the investigation. 104 S.Ct. at 1491-92 n. 13. *Weber* did not decide what constitutes internal agency documents; the decision expressly left open the question whether exemption 5 could cover documents submitted to an agency by persons outside the government.

*Id.* at 1492 n. 13. *See FTC v. Grolier,* 103 S.Ct. at 2212. *Weber* stands for the proposition that once it is determined that internal agency documents are involved, exemption 5 incorporates all civil discovery privileges. *Id.* 104 S.Ct. at 1492–93.

■ None of the six contested documents was prepared as an internal document, by any NLRB official, or for any NLRB attorney as part of litigation. Documents submitted to the NLRB by private parties in the course of an unfair labor practices investigation are not internal agency documents. *Poss v. NLRB,* 565 F.2d 654, 659 (10th Cir.1977). *See also Title Guarantee Co. v. NLRB,* 534 F.2d 484, 492 n. 15 (2nd Cir.), *cert. denied,* 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976) (results of agency interviews are not protected); *Joseph Horne Co. v. NLRB,* 455 F.Supp. 1383, 1387 (W.D.Pa.1978) (statements of witnesses interviewed by agency field examiners are not protected). Because these documents are not internal, *Weber* does not apply. We need not decide whether any civil discovery privileges would protect these documents because exemption 5 by its terms applies only to internal agency documents or documents prepared by outsiders who have a formal relationship with the agency. *See generally Federal Open Market Comm. v. Merrill,* 443 U.S. 340, 352–3, 99 S.Ct. 2800, 2808–09, 61 L.Ed.2d 587 (1979); *County of Madison v. Dep't of Justice,* 641 F.2d 1036, 1040, 1042 (1st Cir.1981); *Ryan v. Dep't of Justice,* 617 F.2d 781, 790 (D.C.Cir.1980).

Exemption 7 permits the withholding of law enforcement investigatory records if their release would harm one or more of six protected interests. Exemption 7(A) concerns interference with enforcement proceedings; 7(C) covers documents, the release of which would constitute an unwarranted invasion of privacy; 7(D) concerns documents which would disclose the identity of confidential sources.

It is not seriously disputed that the contested affidavits concern law enforcement activities by the NLRB. *See Alirez v. NLRB,* 676 F.2d 423, 426 (10th Cir.1982).

The question, therefore, becomes whether any of the three protected interests cited by the district court and the NLRB would be affected by release of any of the six documents.

■ Statements submitted to the NLRB as part of an unfair labor practices investigation can be exempt from disclosure under exemption 7(A) if the investigation is pending or anticipated. *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 239–42, 98 S.Ct. 2311, 2325–27, 57 L.Ed.2d 159 (1978); *see Poss,* 565 F.2d at 657 (exemption 7(A) is not applicable to closed NLRB cases where the agency has decided not to file an unfair labor practices charge and where no enforcement proceedings are pending or contemplated). Because there are no pending or contemplated proceedings regarding the law firm's client or the subject of these affidavits, exemption 7(A) cannot protect any of the affidavits from disclosure.

Exemption 7(C) requires a balancing of the individual's privacy interest against the public interest in disclosure. *Deering Milliken, Inc. v. Irving,* 548 F.2d 1131, 1136 (4th Cir.1977), *citing, Dep't of the Air Force v. Rose,* 425 U.S. at 372–73, 96 S.Ct. at 1604–05.

■ With respect to document 2, we are satisfied that the district court properly balanced the public interest and personal privacy in concluding that it was exempt from disclosure under § 552(b)(7)(C). *Alirez,* 676 F.2d at 426–27. Because document 2 can be withheld under § 552(b)(7)(C), we see no reason why documents 3 and 4 cannot similarly be withheld. Like document 2, documents 3 and 4 describe in painful detail the personalities, activities, biases and proclivities of employers, union members and officials. The district court's concern about "substantial risk of embarrassment for, and reprisals against, the authors and subjects of the documents," is equally true for documents 3 and 4. *See Fund for Constitutional Gov't v. Nat'l Archives & Records Service,* 656 F.2d 856, 862–63 (D.C.Cir.1981).

■ None of the remaining documents (numbers 5, 6, and 7) raises concerns about privacy and cannot, therefore, be exempt from disclosure under § 552(b)(7)(C). Documents 5 and 6 discuss legitimate union and management activities without any of the intimate or personal details which raised privacy concerns in documents 2, 3 and 4. The district court erred with respect to these documents in holding them exempt from release under § 552(b)(7)(C).

■ Finally, for exemption 7(D) to be applicable, there must be a finding that the source of the affidavit was explicitly or implicitly guaranteed confidentiality. The district court did not find that there was any express or implied assurance of confidentiality. Furthermore, the NLRB's contention that witnesses who submit affidavits are confidential sources under exemption 7(D) has been generally rejected because persons submitting affidavits to the agency have no reasonable expectation of confidentiality and should expect their names and testimony to be revealed if the investigation results in a formal hearing. *Nemacolin Mines, Inc. v. NLRB,* 467 F.Supp. 521, 525 (W.D.Pa.1979); *see also Associated Dry Goods Corp. v. NLRB,* 455 F.Supp. 802, 814 (S.D.N.Y.1978) (smallness of labor force and disclosure of names to employer negates expectation of confidentiality of identity). *See Deering Milliken, Inc.,* 548 F.2d at 1135 (release of information about back pay claimants would not inhibit frank statements). With respect to § 552(b)(7)(D), the district court's conclusion is not clearly erroneous. *See Church of Scientology v. Dep't of Justice,* 612 F.2d 417, 428 (9th Cir.1979).

In conclusion, therefore, document 1 was properly withheld under § 552(b)(5); document 2 was properly withheld under § 552(b)(7)(C). The district court should have affirmed the agency's withholding of documents 3 and 4 under § 552(b)(7)(C); documents 5, 6, and 7 are not exempt from mandatory disclosure. The district court's judgment is affirmed with respect to documents 1, 2 and 7, and reversed with respect to documents 3, 4, 5, and 6.