No. 13-0217 – *Hurlbert v. Matkovich*

**FILED**

**June 5, 2014**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Justice Ketchum, dissenting:

The material sought by the petitioners contains information that violates the privacy exemption contained in the Freedom of Information Act ("FOIA"), W.Va. Code § 29B-1-1 *et seq.* [2007]. W.Va. Code § 29B-1-4(a)(2) states that the following information is exempt from disclosure under FOIA: "Information of a personal nature such as that kept in a personal, medical or similar file, if the public disclosure thereof would constitute an unreasonable invasion of privacy[.]"

"The core purpose of FOIA is, of course, to contribute to the *public understanding of the operations or activities of the government.*" *Forest Guardians v. U.S. FEMA*, 410 F.3d 1214, 1218 (10th Cir. 2005) (Emphasis added, internal citation omitted). In Syllabus Point 2 of *Child Protective Group v. Cline*, 177 W.Va. 29, 350 S.E.2d 541 (1986), this Court set forth the balancing test to be used when considering whether the public disclosure of information under FOIA would constitute an unreasonable invasion of privacy. The Court held:

> In deciding whether the public disclosure of information of a personal nature under W.Va.Code § 29B–1–4(2) (1980) would constitute an unreasonable invasion of privacy, this Court will look to five factors:
>
> 1. Whether disclosure would result in a substantial invasion of privacy and, if so, how serious.
>
> 2. The extent or value of the public interest, and the purpose or object of the individuals seeking disclosure.

1

3. Whether the information is available from other sources.

4. Whether the information was given with an expectation of confidentiality.

5. Whether it is possible to mould relief so as to limit the invasion of individual privacy.[1]

The focus in the present case is on the first two *Cline* factors. The first factor is whether the disclosure would result in a substantial invasion of privacy. Although the names and addresses of the homeowners will be redacted, the material the petitioners seek contains "personal identifying information" about every homeowner's dwelling. The material sought includes detailed information about each house's (1) floor plans, (2) number of bathrooms, (3) number of bedrooms, (4) the construction material used, (5) the type of heating system, (6) whether the house has a security system, and (7) sketches and photographs of the property. It contains the precise layout of each home, including a drawing and detailed description of the interior of the home that could affect each homeowner's security. This detailed information about the interior of each home constitutes a "substantial invasion of privacy" that is protected by the exemption to FOIA

---

[1] *See also United States Dep't of Defense v. FLRA*, 510 U.S. 487, 495, 114 S.Ct. 1006, 127 L.Ed.2d 325 (1994) (When weighing a FOIA request "a court must balance the public interest in disclosure against the [privacy] interest[.]"); *see also Federal Labor Relations Auth. v. United States Dep't of Defense*, 984 F.2d 370, 374 (10th Cir.1993). "If there is an important public interest in the disclosure of information and the invasion of privacy is not substantial, the private interest in protecting the disclosure must yield to the superior public interest." *Alirez v. NLRB*, 676 F.2d 423, 426 (10th Cir.1982). If, however, the public interest in the information is "virtually nonexistent" or "negligible," then even a "very slight privacy interest would suffice to outweigh the relevant public interest." *FLRA*, 510 U.S. at 497, 500, 114 S.Ct. 1006. "*[E]ven a 'minimal' privacy interest . . . outweighs a nonexistent public interest*." *Dep't of Defense*, *supra*, 984 F.2d at 375 (emphasis added).

contained in W.Va. Code § 29B-1-4(a)(2). *See Heights Community Congress v. Veterans Admin.,* 732 F.2d 526, 529 (6th Cir.1984) (explaining "there are few things which pertain to an individual in which his privacy has traditionally been more respected than his own home.") (internal citation omitted). Therefore, the first *Cline* factor clearly weighs in favor of nondisclosure of this information.

The second *Cline* factor also weighs in favor of nondisclosure of the information sought by the petitioners. The petitioners have shown no "public interest . . . that requires disclosure" of the information they seek. In fact, the petitioners are clear that they seek the information for business purposes, i.e., they only want the information to make a profit. Our county assessors have spent millions of dollars gathering appraisal information on the real estate in their counties and the petitioners seek this information for free to sell it for a profit. *See National Ass'n of Retired Federal Employees v. Horner*, 879 F.2d 873, 878 (D.C.Cir.1989) ("[O]ne need only assume that business people will not overlook an opportunity to get cheaply from the Government what otherwise comes dearly[.]). Because the petitioners seek this information for their own private business interests and not for any public interest, the second *Cline* factor weighs heavily in favor of nondisclosure.

Based on the foregoing, I respectfully dissent.