Harold M. JOHNSON, Plaintiff-Appellee,

v.

**UNITED STATES DEPARTMENT OF
JUSTICE, Defendant-Appellant.**

No. 83–1029.

United States Court of Appeals,
Tenth Circuit.

Aug. 6, 1984.

J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., Richard Allen Stacy, U.S. Atty., Cheyenne, Wyo., Leonard Schaitman and John S. Koppel, Attys., Dept. of Justice, Washington, D.C., for defendant-appellant.

Cary R. Alburn III, Laramie, Wyo., for plaintiff-appellee.

Before SETH, Chief Judge, and BREITENSTEIN and SEYMOUR, Circuit Judges.

SEYMOUR, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

The Department of Justice appeals from a district court order requiring disclosure under the Freedom of Information Act, 5 U.S.C. § 552 (1982) (FOIA), of all FBI files pertaining to Harold Johnson. The FBI compiled the information in the course of a criminal investigation of Johnson. Some information was released to Johnson at his request, but the Bureau claimed that most of Johnson's file was covered by exemptions 7(C) and 7(D) of the FOIA. *Id.* § 552(b)(7)(C), (D). After an in camera review of the withheld information, the district court summarily ordered the entire file disclosed. We have conducted our own in camera review, and we conclude that all of the information that was withheld is covered by either exemption 7(C) or 7(D). Accordingly, we reverse.

I.

The FBI investigated Harold Johnson in 1979 for bank fraud and embezzlement, but did not bring any charges against him. In 1981, Johnson requested the contents of his file from the FBI. The Bureau released four of the thirty-eight file pages in their entirety and eleven with excisions, and withheld the remaining twenty-three. The FBI cited FOIA exemptions 7(C) and 7(D)

as grounds for the nondisclosures. *See* 5 U.S.C. § 552(b)(7)(C), (D).[1] Johnson exhausted his administrative remedies with no relief, and thereafter brought this action in federal district court to compel production of the excised portions of the file.

The Government moved for summary judgment, supporting its motion with a declaration comparable in scope and purpose to a Vaughn Index, *see Vaughn v. Rosen*, 484 F.2d 820, 826–28 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), which was prepared by FBI Special Agent Dale Berndt. The declaration included a copy of the thirty-eight page file with the excised parts deleted by black marker-pen. In the margin beside each deletion, the Bureau provided a shorthand explanation of the subject matter of the deletion, and indicated the particular exemption used. Due to the breadth of the nondisclosures, the trial judge was unable to decide the matter based on the declaration alone. He therefore agreed to view the complete file in camera.

The information claimed as exempt under subsection 7 falls into several categories: (1) the identities of persons interviewed by the FBI during a criminal law enforcement investigation, and the information received from them; (2) the identities of third persons mentioned in the interviews; (3) information obtained from a local law enforcement agency; and (4) the identities of FBI agents not publicly known to have participated in the investigation. After the judge reviewed the deleted material, he denied the Government's summary judgment motion and ordered the file made available to Johnson for a viewing in the court's chambers. The sole reason given for his decision was that

"the Freedom of Information Act, 5 U.S.C. § 552 requires that said file be

made available for review by the plaintiff, and ... the information in the FBI file in question does not fall within any of the exceptions to the general policy of the Freedom of Information Act requiring disclosure ...."

Rec., vol. I, at 110. The Government then initiated this appeal.

## II.

■ We begin with a brief overview of the general analytical framework to be employed in FOIA cases. The basic policy of the FOIA is in favor of disclosure to permit public access to information unnecessarily shielded from public view. *Department of the Air Force v. Rose*, 425 U.S. 352, 360–61, 96 S.Ct. 1592, 1598–99, 48 L.Ed.2d 11 (1976); *EPA v. Mink*, 410 U.S. 73, 80, 93 S.Ct. 827, 832, 35 L.Ed.2d 119 (1973); *Alirez v. NLRB*, 676 F.2d 423, 425 (10th Cir. 1982). Nonetheless, the subsection (b) exemptions are an integral part of the FOIA and represent " 'the congressional determination of the types of information that the Executive Branch must have the option to keep confidential.' " *Rose*, 425 U.S. at 361, 96 S.Ct. at 1599 (quoting *Mink*, 410 U.S. at 80, 93 S.Ct. at 832).

■ A district court must make a de novo review of an administrative claim of exemption, with the agency bearing the burden of justifying the decision to withhold. 5 U.S.C. § 552(a)(4)(B). To satisfy its initial burden under the Act, the agency must provide a "detailed analysis" of the requested documents and the reasons for invoking a particular exemption. *See Antonelli v. FBI*, 721 F.2d 615, 617 (7th Cir. 1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984); *Vaughn*, 484 F.2d at 823–28.

---

1. Section 552 provides in pertinent part as follows:

"(a) Each agency shall make available to the public information as follows:

....

(b) This section does not apply to matters that are—

....

(7) investigatory records compiled for law enforcement purposes, but only to the extent

that the production of such records would ... (C) constitute an unwarranted invasion of personal privacy, [or] (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, ... confidential information furnished only by the confidential source ...."

In this case, the FBI met its initial burden by Special Agent Berndt's declaration and by the district court's in camera inspection of the documents. The declaration "fairly describes the content of the material withheld and adequately states [the] grounds for nondisclosure." *Cox v. United States Department of Justice*, 576 F.2d 1302, 1312 (8th Cir.1978). Moreover, the district court in its discretion undertook an in camera review of the actual documents. The unexcised document, when read in conjunction with the detailed declaration specifying how the agency characterized each bit of undisclosed information and the exemptions upon which it relied, more than adequately satisfies the agency's initial burden of explaining its claim of exemption. Consequently, we must decide whether the claimed exemptions are proper under the FOIA.

### A. Exemption 7(D)

The present case undisputedly involves a "record compiled by a criminal law enforcement authority in the course of a criminal investigation." 5 U.S.C. § 552(b)(7)(D). Consequently, the FOIA exempts disclosure of "the identity of a confidential source and ... confidential information furnished only by the confidential source ...." *Id.*

> "Exemption 7(D) differs from other FOIA exemptions in that its applicability depends not on the specific factual contents of a particular document; instead, the pertinent question is whether the information at issue was furnished by a 'confidential source' during the course of a legitimate criminal law investigation. Once that question is answered in the affirmative, all such information obtained from the confidential source receives protection."

*Lesar v. United States Department of Justice*, 636 F.2d 472, 492 (D.C.Cir.1980) (footnotes omitted). *See also Keeney v. FBI*, 630 F.2d 114, 119 n. 2 (2d Cir.1980); *Conoco, Inc. v. United States Department of Justice*, 521 F.Supp. 1301, 1308 (D.Del. 1981), *aff'd in part, rev'd in part on other grounds*, 687 F.2d 724 (3d Cir.1982). This interpretation of exemption 7(D) is borne out by the legislative history of the FOIA. *See* Freedom of Information Act and Amendments of 1974 (P.L. 93–502), Source Book: Legislative History, Texts and Other Documents 380–81, 450–51, 456–59, 468 (Joint Comm. Print 1975) (hereinafter cited as "Source Book"). Accordingly, we need not inquire whether the information given actually would identify a confidential source. The only relevant inquiry in this kind of case is whether the undisclosed information is "confidential information furnished only by [a] confidential source." 5 U.S.C. § 552(b)(7)(D). If it is, then the information is exempt.

The circuit courts are divided on what must be shown before information may be categorized as "confidential." The Second, Fourth, and Eighth Circuits adhere to the rule that, in the absence of an express assurance of confidentiality, the burden rests on the agency to show "that the information was furnished under circumstances from which an assurance of confidentiality could be reasonably inferred." *Nix v. United States*, 572 F.2d 998, 1003–04 (4th Cir.1978). Moreover, whether the information was furnished under an express or implied assurance of confidentiality is a question of fact in these circuits. *See Parton v. United States Department of Justice*, 727 F.2d 774, 776–77, (8th Cir. 1984); *Keeney*, 630 F.2d at 119–20 (2d Cir.); *Deering Milliken, Inc. v. Irving*, 548 F.2d 1131, 1137 (4th Cir.1977). The District of Columbia and Third Circuits hold that a criminal law enforcement agency need not detail the facts surrounding each interview and prove that the information was given under an express or implied assurance of confidentiality. The agency need only "state that the information was furnished by a confidential source" and it is exempt. *See Conoco*, 687 F.2d at 730 (3d Cir.); *Lesar*, 636 F.2d at 492 & n. 114 (D.C.Cir.). Finally, the Sixth and Seventh Circuits employ yet a third approach. "Unless there is evidence to the contrary in the record, ... promises of confidentiality are inherently implicit in FBI interviews conducted pursuant to a criminal investigation." *Miller v. Bell*, 661 F.2d 623, 627 (7th Cir.1981), *cert.*

*denied,* 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 484 (1982); *accord Ingle v. Department of Justice,* 698 F.2d 259, 269 (6th Cir.1983). *But see Maroscia v. Levi,* 569 F.2d 1000, 1002 (7th Cir.1977) (employing approach of Second, Fourth, and Eighth Circuits).

■ The scope of the 7(D) exemption in this type of case is a question of first impression in our circuit. Reviewing the merits of all three approaches, we believe the view of the Sixth and Seventh Circuits is preferable. Most people would assume that the information they give to a criminal law enforcement official during a criminal investigation will be kept confidential. However, situations may arise where it is unreasonable to make this assumption, and in the face of evidence to this effect in the record, a district court will not be precluded from so finding. This approach best reconciles the general desirability of broad disclosure under the FOIA with the concern that, absent a robust 7(D) exemption, law enforcement agencies would be faced with a "drying up" of their sources of information and their investigative work thereby would be seriously impeded. *See* Source Book, *supra,* at 456–59, 468; *see also Lesar,* 636 F.2d at 490 & n. 108. Because the record in this case presents no contrary evidence, we hold that the undisclosed evidence in the Johnson file was provided with the understanding it would be kept confidential.

■ The sole remaining issue under exemption 7(D) is whether the sources of information in this case fall within the category of "confidential sources." The sources involved are private individuals interviewed by the FBI during the Johnson investigation and a local law enforcement officer. Obviously, private persons interviewed by the FBI are "sources." In addition, we believe that local law enforcement agencies properly are characterized as "confidential sources" within the meaning of exemption 7(D). *See id.* at 489–91; *see generally Church of Scientology v. Unit-*

*ed States Department of Justice,* 612 F.2d 417, 420–28 (9th Cir.1979).

■ Having determined that the local law enforcement officer and the private parties interviewed during the Johnson investigation were confidential sources, and having concluded that confidentiality was "inherently implicit" when they provided their information, we need not examine the contents of the information given by them. *See Lesar,* 636 F.2d at 492. All the information provided by these sources is exempt under subsection (b)(7)(D) of the FOIA.[2]

### B. Exemption 7(C)

As a result of the foregoing analysis, the only withheld information that we have not yet found exempt under the FOIA is the identities of FBI special agents involved in the Johnson investigation. To the extent the district court concluded that the identities of these agents were not exempt under subsection (b)(7)(C), its decision runs against substantial precedent from other circuits.

■ Exemption 7(C) permits an agency to withhold "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552 (b)(7)(C). To determine whether this exemption is applicable, the court must balance the privacy interest at stake against the public interest in disclosure. *See New England Apple Council v. Donovan,* 725 F.2d 139, 143 (1st Cir.1984); *Alirez,* 676 F.2d at 426–27; *Miller,* 661 F.2d at 628–29; *Baez v. United States Department of Justice,* 647 F.2d 1328, 1339 (D.C.Cir.1980); *Lesar,* 636 F.2d at 486 & n. 80. "The initial inquiry must be directed to determining whether there is a serious invasion of privacy. If there is not, the basic policy of the FOIA mandates disclosure." *Alirez,* 676 F.2d at 427.

---

**2.** Having so decided, we need not address the Government's arguments that subsection

(b)(7)(C) might also exempt some of this same information.

The FBI asserts the following privacy interests in the identities of its special agents.

"The privacy consideration is to protect the Agents, as individuals, from unnecessary unofficial questioning as to the conduct of the investigation, and from subpoenas issued by private litigants in civil suits connected with the official inquiry.... FBI Agents come into contact with individuals from all·strata of society. They conduct searches and make arrests, both of which constitute reasonably [sic] but nonetheless serious intrusions into the lives of people. Many of these people carry grudges which last for years and seek any excuse to harass the responsible Agent. The publicity associated with release of an Agent's name in connection with a particular investigation could rekindle an animosity toward the Agent."

Rec., vol. I, at 18–19.

For similar reasons, the privacy interests of FBI agents and other federal law enforcement officials have been recognized under exemption 7(C) by the First, Fourth, Seventh, and D.C. Circuits. *See New England Apple,* 725 F.2d at 142–43 (1st Cir.); *Miller,* 661 F.2d at 629–30 (7th Cir.); *Baez,* 647 F.2d at 1339 (D.C.Cir.); *Nix,* 572 F.2d at 1005–06 (4th Cir.). *But see Iglesias v. CIA,* 525 F.Supp. 547, 563 (D.D.C.1981) (finding no 7(C) privacy protection for investigatory officials). We subscribe to the view of these circuits that

"[o]ne who serves his state or nation as a career public servant is not thereby stripped of every vestige of personal privacy, even with respect to the discharge of his official duties. Public identification of any of these individuals could conceivably subject them to harassment and annoyance in the conduct of their official duties and in their private lives."

*Nix,* 572 F.2d at 1006, *quoted in New England Apple,* 725 F.2d at 142; *Miller,* 661 F.2d at 630.

 This privacy interest must be balanced against the public interest in disclosure. In determining when disclosure is in "the public interest," we note initially that

the FOIA was not designed to benefit private litigants. *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 143 n. 10, 95 S.Ct. 1504, 1513 n. 10, 44 L.Ed.2d 29 (1975). Rather, the relevant factors are whether a substantial public interest will be advanced by the disclosure, and whether the likely public impact from disclosure will be significant. *See Alirez,* 676 F.2d at 427. While purely personal information usually is not in the public interest, a strong public interest does exist in monitoring the conduct and actual performance of public officials. *See, e.g., Baez,* 647 F.2d at 1339.

 Johnson argues in his brief that an attorney for a private party prompted the FBI to conduct this investigation in order "to use a criminal law enforcement agency in aid of his position representing a litigant." Brief for the Appellee at 7. We are urged by Johnson, therefore, to take "firm and fast action to stop it." *Id.* Even if this allegation were true, and there is no evidence in the record that it is, we fail to see how disclosure of the names of FBI agents would be in the public interest in this case. Granting the public interest in preventing harassment through the improper use of criminal law enforcement investigations, we have reviewed the undisclosed material and it simply fails to provide any hint that the FBI agents were conducting themselves improperly. In short, we can discover nothing in these documents that it would be in the public interest to disclose. *See Miller,* 661 F.2d at 630–31. We conclude that in this case the privacy interests in the identities of the special agents outweighs any public interest in the disclosure of these documents. Accordingly, under exemption 7(C) the identities of the agents need not be disclosed.

In sum, all of the undisclosed information in this case is exempt by virtue of either subsection (b)(7)(D) or (b)(7)(C) of the FOIA. We reverse the order of the district court compelling disclosure of the exempt information by the Department of Justice.