**KTVY–TV, A DIVISION OF KNIGHT–RIDDER BROADCASTING, INC., an Oklahoma corporation, Plaintiff–Appellant,**

v.

**UNITED STATES of America; United States Postal Service, Defendants–Appellees.**

No. 89–6193.

United States Court of Appeals, Tenth Circuit.

Nov. 27, 1990.

---

Clyde A. Muchmore, Richard C. Ford, Wesley C. Fredenburg of Crowe & Dunlevy, Oklahoma City, Okl., for plaintiff-appellant.

Stuart E. Schiffer, Acting Asst. Atty. Gen., Washington, D.C., William S. Price, U.S. Atty., Oklahoma City, Okl., Leonard Schaitman and Robert M. Loeb, Attys., Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C., for defendants-appellees.

Before MOORE, TACHA and BRORBY, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals from an order of the district court granting defendants' motion for summary judgment after concluding the documents that plaintiff requested under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, are exempt from disclosure, *see* 5 U.S.C. § 552(b)(7)(C), (D). We affirm.

On August 20, 1986, Patrick H. Sherrill, a United States Postal Service employee, entered the post office in Edmond, Oklahoma, armed with firearms. He shot and killed fourteen postal workers and wounded six others. Sherrill then killed himself.

Thereafter, the United States Postal Service investigated the incident, compiling an approximately 4,700 page record. The

record consisted of interview transcripts and memoranda, handwritten notes taken during interviews, the presentation letter of the United States Attorney, and various exhibits. Plaintiff requested that the documents from the completed investigation be disclosed. The Postal Service disclosed 2,145 pages of the documents, with some deletions. Defendants refused to release the remaining parts of the investigation file, specifically the identities of interviewees and their statements and information regarding an interview of Sherrill by his supervisor the day before the shootings, on the ground that they were exempt from disclosure.

After exhausting administrative remedies, plaintiff filed an action in district court seeking disclosure of the undisclosed portions of the investigation file. Plaintiff maintained the public had a right to know the facts about the crime and defendants' possible failure to prevent the crime. In granting summary judgment, the district court agreed with defendants' refusal to turn over the undisclosed information. It held that the documents were exempt from disclosure, because disclosure could result in an invasion of privacy and any persons who spoke with the Postal Inspector did so with either an express or implied assurance of confidentiality. *See* 5 U.S.C. § 552(b)(7)(C), (D).

On appeal, plaintiff argues the district court erred in granting summary judgment after overbroadly construing Exemptions 7(C) and (D). We review the granting of summary judgment de novo, applying the same legal standard used by the district court. *Barnson v. United States*, 816 F.2d 549, 552 (10th Cir.), *cert. denied*, 484 U.S. 896, 108 S.Ct. 229, 98 L.Ed.2d 188 (1987). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In applying this standard, we review the factual record and reasonable inferences in the record in the light most favorable to the party opposing summary judgment. *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir.1988).

The FOIA generally favors disclosure to permit "public access to information unnecessarily shielded from public view." *Johnson v. United States Dep't of Justice*, 739 F.2d 1514, 1516 (10th Cir.1984). Information must be made available on demand by any member of the public, unless the material is specifically exempted by a statutory provision to protect confidentiality or privacy interests. *Alirez v. NLRB*, 676 F.2d 423, 425 (10th Cir.1982). Statutory exemptions are narrowly construed. *Id.*

A district court must make a de novo review of an administrative claim of exemption, with the agency bearing the burden of justifying the decision to withhold. 5 U.S.C. § 552(a)(4)(B). To satisfy its initial burden under [FOIA], the agency must provide a "detailed analysis" of the requested documents and the reasons for invoking a particular exemption. *Johnson*, 739 F.2d at 1516.

The exemption provisions relied on by defendants in their motion and by the district court in granting summary judgment provide for nondisclosure of

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source ... and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation ... information furnished by a confidential source....

5 U.S.C. § 552(b)(7).

### Investigatory Information

The threshold question in determining whether either of the exemptions applies is whether the materials in question are investigatory records or information compiled for law enforcement purposes. *See Hopkinson v. Shillinger*, 866 F.2d 1185, 1222 (10th Cir.1989); *Republic of New Afrika v. FBI*, 656 F.Supp. 7, 10 (D.D.

C.1985), *aff'd,* 821 F.2d 821 (D.C.Cir.1987) (table). The government has the burden of proving a compilation for these purposes. *John Doe Agency v. John Doe Corp.,* — U.S. ——, 110 S.Ct. 471, 475, 107 L.Ed.2d 462 (1989).

■ The parties agree that the transcripts and notes of interviews are materials compiled for law enforcement purposes. They disagree as to whether the information regarding the interview of Sherrill conducted by his supervisor the day before the shootings is a record compiled for law enforcement purposes. Plaintiff argues that this is not such a record, because it took place before the investigation commenced and therefore was not gathered as part of an investigation.

■ The FOIA does not require that records must have been originally compiled for a law enforcement investigation; the records merely must have been so compiled when the government invokes an exemption to the FOIA request. *Id.* at 476–77. Thus, the phrase "compiled for law enforcement purposes" covers "documents already collected by the Government originally for non-law-enforcement purposes." *Id.* at 476. Information originally not compiled for law enforcement purposes may become exempt under Exemption 7 when it is recompiled for law enforcement purposes. *See id.* at 478. Accordingly, the interview information qualifies as "information compiled for law enforcement purposes."

Because all of the information at issue was compiled for law enforcement purposes, the next consideration is whether the requested information is exempt from disclosure under Exemptions 7(C) and (D).

### Exemption 7(C)

Plaintiff argues that the district court inappropriately applied Exemption 7(C), because disclosure could not reasonably be expected to result in "an unwarranted invasion of personal privacy." Plaintiff challenges as overbroad the district court's re-fusal to disclose the names of interviewees and persons identified in their statements on the grounds that any further questioning of them could be harassing, embarrassing, and, consequently, an invasion of privacy. Instead, plaintiff maintains any possibility of harassment is not existent since Sherrill is dead and the shooting was an isolated incident.

■ To determine whether Exemption 7(C) is applicable, courts must balance the individual's privacy interest against the public's interest in the release of information. *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 762, 109 S.Ct. 1468, 1476, 103 L.Ed.2d 774 (1989); *Johnson,* 739 F.2d at 1518. The preliminary question is whether the interest in nondisclosure is the type of privacy [1] interest Exemption 7(C) is intended to protect. *Reporters Committee,* 489 U.S. at 762, 109 S.Ct. at 1476.

■ The record establishes that the interviewees and persons mentioned by the interviewees in their interviews have a legitimate privacy interest in nondisclosure of their identities. *See Halloran v. Veterans Admin.,* 874 F.2d 315, 321 (5th Cir. 1989) (persons have a privacy interest in not having their names disclosed). Also, the record fully supports the district court's determination that withholding their names and anything identifying them was necessary to avoid harassment and embarrassment.

Although plaintiff argues the interviewees need not worry about Sherrill harassing or embarrassing them, the analysis does not end with Sherrill's death. These persons still have a legitimate privacy interest in not being harassed or embarrassed by other persons. *See Reporters Comm.,* 489 U.S. at 769, 109 S.Ct. at 1480 (recognizing privacy interest in keeping personal facts from public eye)..

■ Because these persons have a legitimate privacy interest, this privacy interest

---

**1.** Private information is "'intended for or restricted to the use of a particular person or group or class of persons: not freely available to the public.'" *Reporters Comm.,* 489 U.S. at 763–64 and n. 16, 109 S.Ct. at 1476 and n. 16 (quoting Webster's Third New International Dictionary 1804 (1976)).

must be balanced against the public's interest in disclosure. *Johnson*, 739 F.2d at 1519. "[R]elevant factors are whether a substantial public interest will be advanced by the disclosure, and whether the likely public impact from disclosure will be significant." *Id.* The identity of the requesting party has no bearing on the assessment of the public interest served by disclosure. *Reporters Comm.*, 489 U.S. at 771, 109 S.Ct. at 1480. The public has an interest in being informed about what the government is doing. *Id.* at 773, 109 S.Ct. at 1481.

Plaintiff argues the public interest at stake is the right of the public to know how the shootings occurred and whether they could have been avoided. As defendants argue, the identities of witnesses and third parties do not provide information about the conduct of the government. *Id.* at 774, 109 S.Ct. at 1482 (the FOIA's purpose is not to permit disclosure of information about private citizens that is kept by the government, rather it is to ensure government activities are subject to public scrutiny). There is no proof disclosure of any of the interview information would establish that defendants could have prevented the incident. At most, plaintiff makes a broad, unsupported statement of possible neglect by defendants. *Cf. Miller v. Bell*, 661 F.2d 623, 630 (7th Cir.1981) (plaintiff's broad, unsupported hints of government cover-up or undercover surveillance are contrary to substance of disclosed documents revealing case as one of consequence to one person), *cert. denied*, 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 484 (1982). Furthermore, any slight interest the public may have in knowing the background and details of the shooting is outweighed by the reasonable likelihood of harassment and embarrassment of the witnesses and other persons.

Because the disclosure of the information could reasonably be expected to constitute an unwarranted invasion of privacy, the district court appropriately granted summary judgment for defendants on the Exemption 7(C) issue.

### Exemption 7(D)

Plaintiff argues the district court erred in withholding the identities and statements of interviewees as confidential. Because the investigation has ended and this type of incident is not likely to occur again, plaintiff contends there is no need for confidentiality and these people will not again be sources of information for defendants.

 Exemption 7(D) focuses on whether confidential information is furnished by a confidential source. *Johnson*, 739 F.2d at 1517. Exemption 7(D) does not depend on the content of the requested documents, it depends instead on whether the information was provided to the government by a confidential source and was part of the record compiled as part of a criminal investigation. *Brant Constr. Co. v. United States Environmental Protection Agency*, 778 F.2d 1258, 1262 (7th Cir.1985). If the sources gave information in confidence, their names and other identifying information are exempt. *L & C Marine Transport, Ltd. v. United States*, 740 F.2d 919, 924–25 (11th Cir.1984).

 The government has the burden to prove that sources of information are confidential, *Hopkinson*, 866 F.2d at 1222, and that the information was acquired under an express assurance of confidentiality or that the circumstances were such that an assurance of confidentiality could be inferred. *Brant Constr. Co.*, 778 F.2d at 1263; *see Johnson*, 739 F.2d at 1517–18. Unless the evidence in the record is to the contrary, there is implied confidentiality in interviews conducted as part of a criminal investigation. *Johnson*, 739 F.2d at 1517–18.

 Several interviewees received an express assurance of confidentiality. Nothing in the record suggests that any interviewee, who was not given an express assurance, was not given implied confidentiality or that defendants' actions were inconsistent with an implied assurance of confidentiality. The indications of fears of harassment and embarrassment support an implied request for confidentiality for those not expressly assured of confidentiality. *See Birch v. United States Postal Serv.*, 803 F.2d 1206, 1212 (D.C.Cir.1986); *Brant*

*Constr. Co.*, 778 F.2d at 1264. Even though the investigation may have concluded, exemption from disclosure is not extinguished because the statutory requirements of Exemption 7(D) are met. *See Brant Constr. Co.*, 778 F.2d at 1265 n. 8. Thus, the district court did not err in refusing to compel disclosure and appropriately granted summary judgment on the Exemption 7(D) issue.

We conclude that the district court correctly determined that all of the undisclosed information in this case is exempt under Exemptions 7(C) or (D). Accordingly, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.