946 F.2d 1564
 292 U.S.App.D.C. 84
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Paul FAZZINI
v.
Department of Justice, Appellant
 Nos. 90-5133, 90-5136.
 United States Court of Appeals, District of Columbia Circuit.
 March 19, 1991.
 
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the court's order to show cause and the responses thereto, it is
 
 
 2
 ORDERED that court's order, filed December 11, 1990, be discharged. It is
 
 
 3
 FURTHER ORDERED, on the court's own motion, that the district court's orders filed March 6, 1990 and April 30, 1990, be summarily affirmed in part and summarily reversed in part. The orders are affirmed with respect to Mr. Fazzini's request for the names of those responsible for safeguarding the jury during his criminal trial. This request was properly denied due to the absence of documents responsive to his request.
 
 
 4
 The district court's order filed March 6, 1990, is summarily reversed and remanded to the extent that it requires the Department of Justice to release the names of United States Marshals who escorted Mr. Fazzini between facilities on the dates specified in his Freedom of Information Act request. Access to this information was properly denied by the agency pursuant to 5 U.S.C. § 552(b)(7)(C), which permits the withholding of documents "compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records ... (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy." See 5 U.S.C. § 552(b)(7)(C) (1986).
 
 
 5
 It is well settled that law enforcement officials have a legitimate privacy interest in the disclosure of their names. See Johnson v. Department of Justice, 739 F.2d 1514, 1518-19 (D.C.Cir.1984); Lesar v. Department of Justice, 636 F.2d 472, 487 (D.C.Cir.1980). This privacy interest must be balanced against the public's interest in disclosure. In this case, we do not perceive any countervailing public interest to be served by disclosure. The names of the United States Marshals in question are not required in order to permit Mr. Fazzini to prosecute an action for alleged official misconduct. See, e.g., Bivens v. Six Unknown FBI Agents, 403 U.S. 388 (1971). Hence, to the extent that disclosure of the names of the Marshals would constitute an invasion of their privacy, that invasion would be "unwarranted." See 5 U.S.C. § 552(b)(7)(C).
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.