**CHURCH OF SCIENTOLOGY INT'L, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**No. CV 91–1025 RSWL (Sx).**

United States District Court, C.D. California.

Aug. 26, 1993.

716

Kendrick L. Moxon, Bowles & Moxon, Hollywood, CA, for plaintiff.

Terree A. Bowers, U.S. Atty., Mason Lewis, Asst. U.S. Atty., Chief, Tax Div., Los Angeles, CA, Carol C. Priest, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant.

## ORDER

LEW, District Judge.

The Internal Revenue Service, Defendant in the above-captioned action, has filed a motion for summary judgment. Plaintiff Church of Scientology International has opposed the motion. The matter was set for hearing on the Court's law and motion calendar, but was removed for disposition on the submitted papers pursuant to Federal Rule of Civil Procedure 78.

Now, having carefully considered all the papers filed in support of and in opposition to the motion, the Court hereby issues the following order:

Defendant's motion for summary judgment is GRANTED.

## I. BACKGROUND

On September 16, 1990, Plaintiff Church of Scientology International ("CSI") made a Freedom of Information Act request, pursuant to 5 U.S.C. § 552, seeking access to records held by the Defendant Internal Revenue Service ("IRS"). In its initial search, the IRS found 692 documents responsive to Plaintiff's request and released 224 pages in full and 76 pages in part. The IRS withheld 468 pages in full.

On November 14, 1991, this Court ordered the IRS to produce a *Vaughn* Index of all withheld records describing the records and providing statutory justification for each

withholding. The IRS filed its first *Vaughn* Index on January 15, 1992. The IRS later determined that the initial searches were too restrictive. Thereafter, the parties stipulated that the IRS would conduct a second search using additional search terms and extending the temporal scope of the search. This stipulation was entered as a Court Order dated February 13, 1992. On April 8, 1992, the Court denied the IRS's motion for relief from the stipulation.

The IRS filed a partial *Vaughn* Index on March 13, 1992, and requested relief from the stipulation which this Court denied. On July 27, 1992, this Court held the IRS in contempt of the February 13, 1992, Order, imposed sanctions, and ordered the IRS to comply with the terms of the stipulation by producing the *Vaughn* Index and non-exempt documents.

On September 14, 1992, the IRS filed the results of its second search and the accompanying *Vaughn* Index. An additional 11,988 pages were found to be responsive to the Plaintiff's request. While the IRS released several boxes of documents in full, the *Vaughn* Indices describe thousands of pages of withheld documents. These results are the subject of the current motion.

The IRS now moves for summary judgment on the grounds that Plaintiff has received all IRS documents which it is entitled to receive under law, and no documents have been improperly withheld from Plaintiff by the IRS. Plaintiff asserts that the IRS has failed to support its exemption claims and has unjustifiably refused to release "tax return information" of third parties which have submitted waivers permitting such release. Plaintiff requests that the Court allow for *in camera* inspection of certain records and adjudication of the remaining individual documents.

## II. DISCUSSION

### A. Standard on Summary Judgment

■ In order to prevail in a Freedom of Information Act ("FOIA") suit, a defendant agency must prove that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Zemansky v. Environmental Protection Agency*, 767 F.2d 569, 571 (9th Cir. 1985). The agency must also prove that its search satisfied its duty to conduct a "reasonable" search for responsive records. *Id.*

■ The adequacy of the IRS search is not at issue here. Rather, the parties dispute the question of whether the IRS has established as a matter of law that all withheld documents are exempt from the FOIA inspection requirements. Where responsive records are withheld, the agency bears the burden of justifying its withholdings, and the district court must review the agency's exemption claims *de novo*. 5 U.S.C. § 552(a)(4)(B). The agency's burden may be sustained by submitting affidavits which provide a detailed analysis of the requested documents and the reasons for invoking the exemption. *Johnson v. U.S. Dept. of Justice*, 739 F.2d 1514, 1516. Summary judgment may be granted solely on the basis of these agency affidavits if they are clear, specific, and reasonably detailed, and describe the withheld information in a factual and nonconclusory manner. *DiViaio v. Kelley*, 571 F.2d 538, 543 (10th Cir.1978).

### B. Defendant's "Categorical Approach"

As a preliminary matter, this Court must address the process of adjudicating the more than 12,000 pages of documents at issue in this case. Plaintiff has challenged the IRS's approach as a "categorical adjudication" of withheld documents. Such a volume of documents demands a manageable approach to exemption description and justification. This Court condones the IRS's approach which has allowed for efficient arguments of law while providing sufficiently detailed information in the *Vaughn* Indices [1] and in the supporting factual bases provided by declarations. The IRS's briefs may categorize the documents by legal claims to exemption, but

---

1. On January 13, 1992, the IRS filed its original *Vaughn* Index. A Supplemental *Vaughn* Index was filed on March 12, 1992. An additional Supplemental *Vaughn* Index was filed on August 31, 1992. A revised *Vaughn* Index was filed on September 23, 1992. All references herein to the submitted *Vaughn* Indices rely on these documents as a whole.

each undisclosed document has been catalogued on a page-by-page basis in a methodical and exhaustive manner in the twenty-seven volume, 2,683–page *Vaughn* Indices.

## C. Defendant's Exemption 3 Claims Pursuant to 26 U.S.C. § 6103(a)

Under 5 U.S.C. § 552(b)(3), an agency may withhold documents where they are specifically exempted from disclosure by statute. Defendant IRS claims Exemption 3 in conjunction with 26 U.S.C. § 6103(a), an IRS code provision governing tax return information for third-parties. Section 6103(a) mandates that tax return information be held confidential subject to a number of strictly construed exemptions. *Church of Scientology v. I.R.S.*, 484 U.S. 9, 10, 108 S.Ct. 271, 271, 98 L.Ed.2d 228 (1987).

Plaintiff does not contest the withholding of tax return information for specified third parties. However, CSI asserts that this exemption would not apply to six entities who have submitted tax return information release authorizations to the IRS permitting Plaintiff access to such records.

■ **1.** *Third party tax return information release authorizations:* The parties dispute whether any tax return information release authorizations have been submitted in this case in compliance with the stipulation provision. The IRS argues that no such waivers were filed on or before February 24, 1992, as required by the stipulation. CSI asserts that it submitted waivers to the IRS on behalf of six entities by letter dated February 21, 1993 [sic].

The February 11, 1992, Stipulation and Order at paragraph two states: "The Church, no later than February 24, 1992, will provide the IRS with various third party tax return information authorizations. Upon completion of the new search, the IRS will newly process all of the records now in issue and will not assert any Exemption 3 tax

return information claims pursuant to § 6103(a) with respect to the individuals and/or entities for which such authorizations have been furnished." Plaintiff has submitted a copy of a letter dated February 21, 1992, from CSI attorney Kendrick L. Moxon to Department of Justice attorney, Michael J. Martineau, which represents the enclosure of executed third party tax return information release authorizations for the following Church entities: Church of Spiritual Technology, Religious Technology Center, Church of Scientology of California, Celebrity Centre International, International Hubbard Ecclesiastical League of Pastors and Scientology Missions International. CSI submitted these waivers in a separate case being handled by Mr. Martineau, *Church of Scientology Int'l v. I.R.S.*, CV 91–0431 CBM (C.D.Cal.).

This Court finds that the third party tax return information release authorizations submitted to Mr. Martineau on February 21, 1992, do not satisfy the terms of paragraph two of the stipulation. This provision does not expressly require that the authorizations be submitted to the I.R.S. with specific reference to this particular FOIA action. However, any other interpretation would place an unmanageable burden on the I.R.S. and on the courts. There are currently twelve pending FOIA cases that involve requests for several tens of thousands of records. The interpretation urged by Plaintiff would extend the scope of these cases to an unprecedented degree.[2]

For these reasons, this Court finds that Plaintiff has failed to present evidence that waivers from third parties were received from Plaintiff in this case on or before February 24, 1992. The Government's *Vaughn* Indices and supporting declarations establish that these documents contain confidential third party tax information. This Court finds that the I.R.S. has properly withheld these documents pursuant to Exemption 3 in conjunction with § 6103(a).

---

**2.** Plaintiff asserts that this Court found that Plaintiff had submitted the authorizations at issue in its ruling on Defendant's Motion for Relief from Stipulation. *See Order*, April 9, 1992. The Court rejects this characterization of its prior Order. In a footnote in the April 9 Order, the Court recognized the existence of a question of

fact regarding whether authorizations had been filed in compliance with the stipulation. *Id.* at 4 n. 2. The Court merely found Plaintiff's evidence sufficient to preclude a finding that the disputed provision was moot. This Court did not decide the issue of whether the submitted authorizations satisfied the requirements of the stipulation.

**2. *Plaintiff's request for sanctions:*** Plaintiff has requested that the Court sanction the IRS for refusal to comply with the February 11, 1992, Stipulation and Order. Based on the above-ruling, the IRS's assertion of Exemption 3 to withhold these documents does not constitute failure to comply with the Court's Order. Plaintiff's request for sanctions is denied.

### D. Defendant's Exemption 3 Claims Pursuant to 26 U.S.C. § 6103(e)(7)

■ The IRS has withheld several documents as exempt under the provisions of 26 U.S.C. § 6103(e)(7). Section 6103(e)(7) exempts documents when their disclosure would "seriously impair federal tax administration." The district court's review of an IRS determination of impairment is de novo. *Long v. I.R.S.,* 742 F.2d 1173, 1183 (9th Cir.1984). The court must satisfy itself, on the basis of detailed and nonconclusory affidavits, that the IRS is correct in finding that disclosure would impair the collection, assessment, or enforcement of the tax laws. *Id.*

■ Defendant IRS offers four affidavits in support of withholding documents based on Exemption 3 in conjunction with 26 U.S.C. § 6103(e)(7).[3] Each of these declarants provides detailed and nonconclusory statements in support of their findings that release of the documents withheld pursuant to § 6103(e)(7) would impair federal tax administration. This Court rejects Plaintiff's conclusory statement that the IRS assertions of impairment consist only of generalities and opinions. The Court does not find that the declarations contradict the *Vaughn* Indices. Furthermore, the Court does not find reason to question the integrity of the Defendant's sworn testimony based only on the alleged "history of IRS discrimination" against CSI.[4]

With regard to the documents withheld pursuant to tax treaty secrecy clauses, this Court finds that this is an instance where deference is especially appropriate. *See*

*Long,* 742 F.2d at 1182 (according special deference to agency's detailed affidavits in sensitive areas such as national security cases). Declarant Paul Austin, the Internal Revenue Commissioner's delegate, is likely to have unique insights into the concerns regarding the cooperation of foreign governments and tax treaty partners. Based on Mr. Austin's detailed affidavit, this Court finds that these documents are properly withheld under Exemption 3 in conjunction with § 6103(e)(7).

In sum, Defendant has presented evidence that documents withheld pursuant to Exemption 3 in conjunction with § 6103(e)(7) are totally exempt from disclosure. Plaintiff has not pointed to any specific facts that create a triable issue regarding the withholding of these documents. Therefore, Defendant has met its burden to establish that disclosure of these documents would seriously impair federal tax administration.

### E. Defendant's Exemption 7(A) Claims

The IRS has withheld certain documents or portions thereof pursuant to Exemption 7(A). The IRS asserts that these documents are records compiled in connection with the investigation of Plaintiff CSI and related entities under the Church Audit Procedures Act (CAPA), 26 U.S.C. § 7611, and for determinations of the tax exempt status of various Scientology organizations.

Exemption 7(A) allows for nondisclosure of records or information compiled for law enforcement purposes where disclosure could reasonably be expected to interfere with enforcement proceedings. 5 U.S.C. § 552(b)(7)(A). In order to sustain its burden of proof under Exemption 7(A), the IRS must establish that it is a law enforcement agency, that the withheld documents were investigatory records compiled for law enforcement purposes, and that disclosure of those documents would interfere with pend-

---

**3.** The Court here relies on the second declaration of Thomas J. Miller, the first and second declaration of Steven D. Harris, and the declaration of Paul Austin.

**4.** Plaintiff makes no attempt to impeach specific statements in the affidavits of the four declarants offered in support of Defendant's motion in this particular case. Plaintiff's generalized attack on "declarations of IRS officials" is unpersuasive.

ing enforcement proceedings. *Lewis v. I.R.S.*, 823 F.2d 375, 379 (9th Cir.1987).

**1. Documents compiled for CAPA investigation:** Plaintiff does not dispute that 26 U.S.C. § 7611 proceedings constitute a law enforcement proceeding as that term is used in the FOIA, nor does Plaintiff dispute that the IRS has the requisite law enforcement mandate. However, Plaintiff argues that the "law enforcement purpose" started on April 28, 1989, when IRS made its first document request for the § 7611 examination, and all documents created prior to that date would fall outside such purpose.

This Court rejects Plaintiff's premise. Documentation of work done by the agency in preparation for the § 7611 examination would also constitute investigatory records compiled for law enforcement purposes. *See* 26 U.S.C. § 7611 (IRS must have "reasonable belief" that entity is not tax exempt before formally beginning church tax inquiry).

This Court finds that the *Vaughn* Indices and supporting affidavits establish a rational nexus between the IRS § 7611 examination of Plaintiff and related third party entities and the documents for which Exemption 7(A) is claimed. The affidavits also adequately reveal that release of these documents is likely to interfere with the IRS's ability to perform the § 7611 examination. Plaintiff points to no specific facts that dispute the Defendant's evidence.

**2. Documents compiled for determination of tax exempt status:** In light of the recent Ninth Circuit ruling in *Church of Scientology Int'l v. I.R.S.*, 995 F.2d 916, 919 (9th Cir.1993), that IRS determinations of tax exempt status constitute law enforcement purposes under Exemption 7(A). This Court finds that the *Vaughn* Indices and supporting affidavits provide the required nexus between the withheld documents and the agency's inquiry regarding the tax exempt status of various Scientology organizations. The IRS has also established that production would interfere with that process.

In sum, Defendant has met its burden to prove the withheld documents are totally exempt under Exemption 7(A) as documents compiled during the on-going CAPA investigation of Plaintiff CSI and the agency's determination of the tax exempt status of related organizations.[5]

**F. Defendant's Exemption 7(C) Claims**

The IRS has withheld documents pursuant to provisions of exemption 7(C). The Government has asserted Exemption 7(C) to withhold two types of documents: (1) those containing the names, addresses, or other identifying information of IRS contacts or government employees, and (2) those revealing the handwriting of IRS personnel or third parties. The Government asserts that disclosure of IRS employees' handwriting and the identities of IRS employees could conceivably subject them to harassment and annoyance in their private lives and in the performance of their official duties.

Exemption 7(C) allows for nondisclosure of documents compiled for law enforcement purposes where disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7)(C). In evaluating an Exemption 7(C) claim, the Court must balance the privacy interests at stake against the public interest in disclosure. The government agency bears the burden of establishing a privacy interest, and the balance tilts in favor of disclosure. *Congressional News Syndicate v. Department of Justice*, 438 F.Supp. 538, 542 (D.C.Cir.1977).

The parties do not dispute that the withheld documents were compiled for law enforcement purposes. Nor does Plaintiff argue that a countervailing public interest outweighs the asserted privacy concern. Rather, Plaintiff challenges the Defendant's showing of a privacy interest on two grounds. First, Plaintiff has knowledge of the identities of personnel the IRS seeks to protect. An individual does not lose his privacy interest under 7(C) because his identity may be

---

5. Plaintiff points to *Vaughn* index page 2553 as an improper withholding because the IRS does not put forth a law enforcement purpose. However, the IRS did not assert Exemption 7(A) to justify withholding pages 12271–12275. Rather, it relied on Exemption 7(C) and Exemption 5.

discovered through other means. *See L & C Marine Transport, Ltd. v. United States*, 740 F.2d 919, 922 (11th Cir.1984) (noting that even where names of agency employee witnesses are known disclosure would tie witness to particular statements and reveal nature of each employee witness' comments). In addition, Steven D. Harris, an IRS disclosure litigation attorney, has testified that the IRS did not assert Exemption 7(C) where the document on its face suggested that Plaintiff was aware of the employee in the context of the referenced activity. For these reasons, this Court finds that Plaintiff's assertion of prior knowledge cannot rebut the Government's showing of a privacy interest under 7(C).

Second, Plaintiff asserts that the IRS has withheld handwritten information that is otherwise non-exempt. CSI argues that this basis to withhold documents is moot because Plaintiff will bear the costs of re-typing any documents withheld solely on the basis of handwritten contents. Plaintiff has not pointed to any facts in the record sufficient to establish that the IRS has withheld documents solely to prevent disclosure of handwriting where the substance of the information is not exempt. The fact that the IRS has willingly re-typed handwritten text in hundreds of documents for release in this case allows for the inference that the agency has not withheld non-exempt information solely on the basis of its handwritten format. Finally, this Court's review of the *Vaughn* Indices reveals that most handwriting has been withheld through redaction.

For these reasons, this Court finds that Plaintiff has not raised a triable issue regarding the privacy interests asserted by the IRS to establish its Exemption 7(C) claims.

## G. Defendant's Exemption 7(D) Claims

■■■ The IRS has withheld documents pursuant to Exemption 7(D). The Government asserts that disclosure of these documents would reveal sources who were given implied promises of confidentiality by the IRS.

Exemption 7(D) allows for nondisclosure of documents compiled for law enforcement purposes which could reasonably be expected to reveal the identities of confidential sources. 5 U.S.C. § 552(b)(7)(D). "Where implied promises of confidentiality are at issue, the index must state the circumstances surrounding the receipt of information which led the [agency] to conclude the informant would not have given the information without an implicit assurance of confidentiality." *Wiener v. F.B.I.*, 943 F.2d 972, 986–87 (9th Cir.), *reh'g denied*, 951 F.2d 1073 (9th Cir. 1991), and *cert. denied*, —— U.S. ——, 112 S.Ct. 3013, 120 L.Ed.2d 886 (1992).[6]

Plaintiff asserts that the IRS has failed to establish an implicit assurance of confidentiality. However, Defendant has submitted a detailed affidavit which supports such a finding. Steven D. Harris has testified to the following material facts: (1) the withheld pages were obtained from a third party; (2) the information was received during the IRS's investigation of possible harassment of Service employees; (3) the IRS employees involved in the procurement of the information have indicated that disclosure of the source's identity could put someone in jeopardy; and (4) release of the information would identify cooperating foreign law enforcement agencies.

Plaintiff points to no facts in the record which controvert this evidence. For these reasons, the Court finds that the IRS has met its burden to establish that disclosure could reasonably be expected to reveal the identities of confidential information sources.

## H. Defendant's Exemption 7(E) and Exemption 2 Claims

■■■ The IRS has withheld two pages from the IRS Law Enforcement Manual ("LEM") and an internal agency memorandum pursuant to both Exemptions 7(E) and Exemption 2. Exemption 7(E) allows for nondisclosure of records or information com-

---

**6.** The Supreme Court has recently adopted a test embodying the approach taken by the Ninth Circuit in *Wiener*. *See Department of Justice v. Landano*, —— U.S. ——, ——, 113 S.Ct. 2014, 2023, 124 L.Ed.2d 84 (1993) (requiring government agency to establish narrowly defined circumstances that allow for inference of implied confidentiality).

piled for law enforcement purposes when production would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. 5 U.S.C. § 552(b)(7)(E).

The *Vaughn* Indices and the Harris declarations establish that the LEM pages withheld concern procedures for handling applications for tax exemption and examinations of Scientology entities. The agency memorandum discusses application of the LEM techniques and procedures. These documents were compiled for the purposes of the ongoing examination of CSI for tax years 1981 through 1987 pursuant to CAPA, 26 U.S.C. § 7611. Plaintiff has not pointed to any facts to controvert Defendant's showing.

Exemption 2 exempts from disclosure records related solely to the internal personnel rules and practices of an agency. 5 U.S.C. § 552(b)(2). Based on the *Vaughn* Indices and the Harris declaration, these documents contain information about internal law enforcement techniques, practices, and procedures used by the IRS to coordinate the flow of information regarding Scientology. Plaintiff has not controverted this evidence. In sum, this Court finds as a matter of law that these documents were properly withheld pursuant to Exemption 7(E) and Exemption 2.

### I. Defendant's Exemption 5 Claims

The IRS has withheld documents pursuant to Exemption 5 on two grounds: (1) these documents contain material that falls within the governmental deliberative privilege, and (2) these documents contain material that falls within the attorney-client privilege.

 Exemption 5 allows nondisclosure of inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency. 5 U.S.C. § 552(b)(5). This exemption includes those documents normally privileged in the civil discovery context. *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 149, 95 S.Ct. 1504, 1515, 44 L.Ed.2d 29 (1975). Exemption 5

encompasses the governmental deliberative privilege, the attorney-client privilege, and the attorney work product doctrine. *Id.* at 150–55, 95 S.Ct. at 1516–18.

 1. *Deliberative process privilege:* The IRS asserts Exemption 5 to withhold documents that reflect the agency's deliberative process. The Ninth Circuit test focuses on the function of a document as part of the deliberative process rather than on the contents of the document. *National Wildlife Fed'n v. United States Forest Service*, 861 F.2d 1114, 1118–19 (9th Cir.1988). The deliberative process privilege has been held to cover all "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency," as well as documents which would "inaccurately reflect or prematurely disclose the views of the agency." *Id.* at 1118.

Defendant submits the declaration of Steven D. Harris who provides the agency's factual bases and justifications for withholding information pursuant to Exemption 5. The Harris declaration establishes that the withheld documents were generated in five specified courses of action. This affidavit also establishes that only pre-decisional deliberative material was withheld. Whenever possible, the IRS has identified the related final decision in the *Vaughn* Indices. Based on this evidence in conjunction with the submitted *Vaughn* Indices, this Court finds that the Government has met its burden of establishing the existence of a genuine deliberative process.

Plaintiff has challenged the Government's assertion of the deliberative process privilege because the *Vaughn* Indices describe only vague, general decisions in relation to the withheld documents. However, this Court's review of the examples from the *Vaughn* Indices that Plaintiff specifically disputes shows that the IRS's description of the nature and purpose of the withheld documents establish that they fall within the deliberative process category described in *National Wildlife Fed'n*, 861 F.2d at 1118. Therefore, this Court finds that Plaintiff has not raised a triable issue regarding the IRS withhold-

ings pursuant to the deliberative process privilege.

■■■ 2. *Attorney-client privilege and work product doctrine:* The IRS asserts Exemption 5 to withhold documents based on attorney-client privilege and the work product doctrine. The *Vaughn* Indices and the Harris declaration establish that these documents concern confidential communications of legal advice given by IRS and Department of Justice attorneys to IRS administrative personnel.

Plaintiff has not challenged the agency's assertion of attorney-client privilege in these instances. However, Plaintiff asserts that the IRS has not established that documents withheld under the work product doctrine were prepared in contemplation of litigation. Defendant's *Vaughn* Indices and the Harris declaration establish that these documents are attorney work product generated in preparation for litigation between Plaintiff and the IRS in four specified matters. The descriptions of the documents at issue provided by the index in conjunction with the specified ongoing litigation and enforcement matters between the IRS and Plaintiff provide more than a bare assertion of the privilege. *See Senate of Puerto Rico v. Department of Justice,* 823 F.2d 574, 586 (D.C.Cir. 1987) (rejecting agency's affidavit as bare assertion where declaration state only that withheld documents "were prepared by [agency] attorneys in anticipation of litigation"). The informality or settlement posture of these actions does not raise questions as to the accuracy of the IRS's assertion of the work product doctrine. For these reasons, this Court finds that the IRS has submitted uncontroverted evidence of the privileged nature of these documents that supports its Exemption 5 claim.

### J. *Defendant's Exemption 6 Claims*

The IRS has asserted Exemption 6 as the legal justification for withholding information including employee handwriting and other identifying information of third parties and IRS employees. Exemption 6 permits an agency to withhold information in "personnel and medical files and similar files disclosure of which would constitute a clearly unwar-

ranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). As a threshold matter, the IRS must establish that the material is contained in personnel, medical, or similar files. *Department of State v. Washington Post Co.,* 456 U.S. 595, 601–02, 102 S.Ct. 1957, 1961, 72 L.Ed.2d 358 (1982). Second, the IRS must show that disclosure of the withheld information would violate a viable privacy interest of the individual who is the subject of the information. *See Schell v. Department of Health & Human Serv.,* 843 F.2d 933, 937–38 (6th Cir.1988).

■■■ Plaintiff argues that the IRS has not established that the documents at issue constitute "personnel, medical, or similar files." However, the Supreme Court has adopted a broad view of Exemption 6. *Washington Post Co.,* 456 U.S. at 602, 102 S.Ct. at 1961. All information that applies to a particular individual meets the threshold requirement of Exemption 6 protection regardless of the class of file. *Id.* When disclosure of information which applies to a particular individual is sought from Government records, courts must determine whether release of the information would constitute a clearly unwarranted invasion of that person's privacy. *Id.*

■■■ The *Vaughn* Indices and the Harris declaration establish that the information withheld meets this standard. Furthermore, the descriptions therein establish that release of these documents would constitute an invasion of the personal privacy of the referenced individual. The information includes references to the third parties' involvement in possible criminal conspiracy; third-party correspondence critical of Scientology; personnel matters including performance evaluations and information about employees' personal lives; and names, addresses, phone numbers, and other indirect identifiers of IRS employees.

Plaintiff has also challenged the agency's Exemption 6 withholdings on the same grounds asserted against the Exemption 7(C) claims. Plaintiff's mootness argument against the IRS's Exemption 6 claims is rejected here for the reasons discussed above.

In sum, the IRS has established that the documents withheld under Exemption 6 con-

tain information about particular individuals and its release would constitute an unwarranted invasion of their personal privacy. Plaintiff has not pointed to any facts that controvert the IRS's showing or raise a triable issue regarding the public interest value of these documents.

### K. Segregation of Non–Exempt Information

 Pursuant to the above-discussed exemptions, the IRS has withheld some documents in full asserting that the documents cannot be segregated for partial release. Plaintiff argues that the IRS has failed to demonstrate that it has reasonably segregated all non-exempt information from the documents withheld in full.

■ The FOIA provides that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b). The IRS bears the burden to demonstrate that the nonexempt portions of the documents are not "reasonably segregable." *Williamette Indus., Inc. v. United States,* 689 F.2d 865, 868 (9th Cir.1982), *cert. denied,* 460 U.S. 1052, 103 S.Ct. 1500, 75 L.Ed.2d 931 (1983). The question of segregability is completely dependent on the content of the documents themselves. *Mead Data Cent., Inc. v. Department of Air Force,* 566 F.2d 242, 260 (D.C.Cir.1977).

■ This Court finds that Defendant's *Vaughn* Indices and supporting declarations provide detailed descriptions of the contents of withheld documents and the specific pages affected by each exemption claim. This showing may be sufficient to allow the Court to determine the segregability of non-exempt information in any particular document. However, Plaintiff does not challenge the withholding of any specified document in full. As such, it is impossible for this Court to evaluate the Defendant's showing of non-segregability. For these reasons, this Court finds that Plaintiff has not raised a triable issue of segregability.

### L. Plaintiff's request for in camera inspection:

■ Plaintiff has requested in camera review of documents withheld pursuant to Exemption 5, Exemption 7(A), and Exemption 3 in conjunction with 26 U.S.C. § 6103(e)(7). District courts need not and should not make in camera inspections where the government has sustained its burden of proof on the claimed exemption. *Lewis v. I.R.S.,* 823 F.2d 375, 378 (9th Cir.1987). For the reasons discussed above, the IRS has met its burden to prove that the withheld documents are totally exempt. Therefore, this Court has an adequate factual basis to make its determination and need not examine the disputed documents in order to determine their exempt status.

IT IS SO ORDERED.