**Alvie James HALE, Jr., Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, and its component, The Federal Bureau of Investigation, Defendants–Appellees.**

No. 91–6135.

United States Court of Appeals, Tenth Circuit.

Aug. 19, 1993.

---

10. Because we decide that the second prong of the test is not satisfied, we do not need to decide whether the separate corporate identity has been adequately preserved to satisfy the first prong.

Before EBEL, Circuit Judge, BARRETT, Senior Circuit Judge, and PARKER, District Judge.*

EBEL, Circuit Judge.

The defendant-appellant, Alvie James Hale, Jr., was convicted in the United States District Court for the Western District of Oklahoma and sentenced to twenty years in jail for kidnapping and murder. He was later tried in Oklahoma state court and sentenced to death for the same crime.

* The Honorable James A. Parker, United States District Court for the District of New Mexico, sitting by designation.

For purposes of a collateral attack on his death sentence, the defendant filed an action in district court seeking the release of certain documents from the United States Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The district court granted the government's motion for summary judgment on the ground that the requested documents constituted information that is exempt from FOIA's disclosure requirements under 5 U.S.C. §§ 552(b)(2), (b)(7)(C), (b)(7)(D), and (b)(7)(E). We affirmed the district court's grant of summary judgment, considering ourselves to be bound by the Tenth Circuit's prior interpretation of Exemption 7(D) in *Johnson v. United States Dep't of Justice*, 739 F.2d 1514 (10th Cir.1984). We interpreted *Johnson* to create a presumption that promises of confidentiality are "inherently implicit" in FBI interviews conducted as part of a criminal investigation. *Hale v. United States Dep't of Justice*, 973 F.2d 894 (10th Cir.1992).

The Supreme Court granted certiorari, vacated the judgment, and remanded the case for further consideration in light of its decision in *United States Dep't of Justice v. Landano*, —— U.S. ——, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993). *Hale v. United States Dep't of Justice*, —— U.S. ——, 113 S.Ct. 3029, 125 L.Ed.2d 717. In *Landano*, the Court held that the government is not entitled to a general presumption that sources supplying information to the FBI in the course of a criminal investigation are confidential sources within the meaning of Exemption 7(D).[1] —— U.S. at ——, 113 S.Ct. at 2024. Instead, the Court found that in order to be considered a confidential source, the FBI must establish on a source-by-source basis that the source furnished information with the understanding that the communication would not be divulged except as necessary for law enforcement purposes. *Id.*, —— U.S. at ——, 113 S.Ct. at 2020. It found that "[u]nder Exemption 7(D), the question is not

whether the requested *document* is of the type that the agency usually treats as confidential, but whether the particular *source* spoke with an understanding that the communication would remain confidential." *Id.*, —— U.S. at ——, 113 S.Ct. at 2019. The Court recognized that there will be some circumstances where the character of the crime or the source's relation to the crime are such that "an implied assurance of confidentiality fairly can be inferred to that particular source." *Id.*, —— U.S. at ——, 113 S.Ct. at 2023. As examples, not intended to be exclusive, the Court suggested that paid informants and sources involved with gang-related crimes may support a presumption or inference of confidentiality. *Id.*

Accordingly, we modify the Tenth Circuit rule concerning Exemption 7(D) to require a source-by-source determination of the expectations of confidentiality. If the district court chooses to rely on an inference of confidentiality for a particular source based upon the nature of a crime or the source's relation to the crime, the court should clearly indicate that it is relying on such an inference, and the circumstances relied upon to support such an inference should be articulated. In all other situations, the court should make findings particular to the source as to whether or not that source "furnished [the] information with the understanding that the FBI would not divulge the communication except to the extent the Bureau thought necessary for law enforcement purposes." *Landano*, —— U.S. at ——, 113 S.Ct. at 2020.

If the court's analysis requires reference to in camera affidavits, or other confidential evidence, that portion of the district court analysis may be provided in a separate confidential addendum that may be revealed to a party or the public only upon order of the district court or a reviewing court.

In modifying the Tenth Circuit rule in order to comply with *United States Dep't of Justice v. Landano*, we overrule those por-

---

1. Exemption 7(D) permits the government to withhold "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be

expected to disclose the identity of a confidential source ... [and] information furnished by a confidential source" in the course of a criminal investigation. 5 U.S.C. § 522(b)(7)(D).

tions of *Johnson*, 739 F.2d at 1517–18, and *Hale*, 973 F.2d at 899–900, that are to the contrary.[2] The case is REMANDED to the district court for reconsideration of the plaintiff's claims to access those documents for which Exemption 7(D) was found to apply.

---

2. Because we overrule prior Tenth Circuit precedent, we have circulated this opinion to the en banc court pursuant to our rules. Each active member has concurred.