**Gaetano BADALAMENTI, Plaintiff,**

**v.**

**UNITED STATES DEPARTMENT OF STATE, Defendant.**

**No. 92–3171–RDR.**

United States District Court,
D. Kansas.

Sept. 26, 1995.

Gaetano Badalamenti, Fairton, NJ, pro se.

Jackie A. Rapstine, Office of United States Attorney, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

Plaintiff, a pro se litigant, filed this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff submitted a request for records to the Department of State by letter dated November 14, 1991. Sixty-nine documents were retrieved in response to plaintiff's request and, following inter-agency review of certain documents which originated in other agencies, 43 complete documents were released to plaintiff. The State Department has asserted various exemptions pursuant to § 552(b) concerning information contained within 15 documents. Exemptions to disclosure are also asserted by the Drug Enforcement Administration (two documents), Interpol (one document), the Criminal Division of the Justice Department (eight documents), and the Executive Office for United States Attorneys (one document).

This matter is before the court on the parties' cross motions for summary judgment. Defendant's motion includes a detailed statement of facts, supported by declarations of government personnel. In his opposition, plaintiff generally questions the propriety of some of the claimed exemptions, challenges the sufficiency of the *Vaughn*[1] indices provided by the government and suggests defendant's search for records is incomplete[2]. The court has carefully considered the parties' motions, responses to the motions and the *Vaughn* indices and supplements thereto. Upon that review, it is concluded that, with two exceptions, summary judgment in favor of defendant is appropriate.

The purpose of FOIA is to allow public scrutiny of agency action. *Department of Air Force v. Rose,* 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976). Exemptions from disclosure must be in accordance with "clearly delineated statutory language". *Id.* at 360–61, 96 S.Ct. at 1599 (quoting S.Rep. No. 813, 89th Cong., 1st Sess. 3 (1965)). The specific exemptions raised by defendant are addressed below.

### A. Exemption 1—National Security.

The national security exemption is codified at 5 U.S.C. § 552(b)(1) and applies to "matters that are ... specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign policy". Defendant relies upon §§ 1.3(a)(3) and (5) of Executive Order 12356 which provides for the classification of documents as confidential if they involve "foreign government information" or "foreign relations or foreign activities of the U.S.".

This court reviews de novo whether defendant has properly withheld information pursuant to exemption 1. Agency affidavits, however, are accorded "substantial weight" in light of the executive branch's expertise in and responsibility for matters of national security. *McDonnell v. U.S.,* 4 F.3d 1227, 1243 (3rd Cir.1993). As adopted by the Third Circuit, the standards governing summary judgment in a case such as this include the following:

> [A]n agency is entitled to summary judgment if its affidavits (1) "describe the withheld information and the justification for withholding with reasonable specificity, demonstrating a logical connection between the information and the claimed exception" ... and (2) "are not controverted by either contrary evidence in the record or evidence of agency bad faith." ... The Government bears the burden of demonstrating "that the withheld material is under the purview of an Executive Order and has been properly classified pursuant to such order." ...

*Id.* (citations omitted).

The State Department identified 11 documents which were withheld in whole or in part based upon exemption 1. These documents generally pertain to the efforts of the State Department to obtain plaintiff's extradition from Spain following his arrest in Madrid on April 7, 1984 for drug smuggling and other drug offenses. The documents reflect negotiations between the United States, Spain and Italy which led to plaintiff's extradition to the United States.

A review of the State Department's affidavit provides sufficient information to support the government's classification of these documents pursuant to subsections (a)(3) and (5) of Executive Order 12356. Defendant, therefore, is entitled to summary judgment concerning the documents withheld pursuant to

---

1. The court finds that the government's description of records complies with the oft-cited guidelines set forth within *Vaughn v. Rosen,* 484 F.2d 820 (1973), *cert. denied* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

2. Plaintiff submitted a "statement of material facts in dispute" attempting to identify a number of documents which were not provided to him.

Contrary to D.Kan.Rule 206(c), plaintiff fails to provide any evidentiary support for these statements. Additionally, defendant has provided detailed information which demonstrates an adequate search for records. A reasonable search for records is all that is required by FOIA. *Fitzgibbon v. U.S. Secret Service,* 747 F.Supp. 51, 54 (D.D.C.1990).

exemption 1.[3]

### B. Exemption 2—Personnel Rules and Practices.

 Interpol deleted file and case numbers from a one-page document that was released to plaintiff, relying upon 5 U.S.C. § 552(b)(2), which exempts from disclosure records "related solely to the internal personnel rules and practices of an agency". Included within this exemption are "minor or trivial administrative matters of no genuine public interest and possibly more substantial matters that might be the subject of legitimate public interest if the disclosure of the latter might pose a risk of circumvention of lawful agency regulations". *Hale v. U.S. Dept. of Justice*, 973 F.2d 894, 900 (10th Cir.1992), *vacated on other grounds,* —— U.S. ——, 113 S.Ct. 3029, 125 L.Ed.2d 717 (1993); *see also Department of Air Force v. Rose*, 425 U.S. 352, 365–67, 369, 96 S.Ct. 1592, 1601–02, 1602–03, 48 L.Ed.2d 11 (1976).

In support of the claim that the file and case numbers are exempt, Interpol states only that the deletions were made "pursuant to (b)(2), which exempts the release of information related solely to the internal practices of a Federal Agency". (Declaration of Yvonne A. Holley). This bare assertion fails to demonstrate that the file and case numbers relate to an agency rule or practice or are otherwise encompassed within exemption 2. *See Schwaner v. Department of Air Force*, 898 F.2d 793, 798 (D.C.Cir.1990) (file numbers are not routinely exempt pursuant to exemption 2). As such, plaintiff is granted summary judgment with respect to the (b)(2) exemption asserted by Interpol and the information excised in reliance upon exemption 2 should be released to plaintiff.

 The Drug Enforcement Administration (DEA) has also invoked exemption 2 to protect certain information contained within parts of four documents. The DEA, however, seeks to exempt more substantial, as opposed to trivial, matters which, if disclosed, could risk circumvention of a legal requirement. The possible application of exemption 2 to such matters has been recognized by the Supreme Court. *Rose*, 425 U.S. at 369, 96 S.Ct. at 1603; *see also Hardy v. Alcohol, Tobacco and Firearms*, 631 F.2d 653 (9th Cir.1980) (applying exemption 2 where disclosure of law enforcement information would risk circumvention of agency regulation). The DEA seeks to withhold disclosure of G–DEP codes and NADDIS numbers[4] on the grounds that their disclosure could thwart DEA's investigative and enforcement efforts by providing information which could assist suspects in evading detection by DEA. Defendant's reliance upon exemption 2 to delete the G–DEP codes and NADDIS numbers from documents provided to plaintiff is upheld.

 The DEA, however, has also deleted certain information generically classified as "internal markings". Because the DEA has provided no information as to the type of information included within "internal markings", the agency has failed to support its claimed exemption. Plaintiff is granted summary judgment concerning the information excised by the DEA as "internal markings"[5] and that material should be provided to plaintiff.

### C. Exemption 3—Statutory Exemption.

 The provisions of 5 U.S.C. § 552(b)(3) apply to records which are "specifically exempted from disclosure by statute". The (b)(3) exemption has been invoked by the State Department, relying upon 8 U.S.C. § 1202(f), to withhold from disclosure marginal notes pertaining to the consideration of granting or refusing a visa to plaintiff. Defendant has adequately established the applicability of this statutory exemption to the marginal notes at issue. *See Jan–Xin*

---

**3.** See documents identified as E6, P13, P15, E9, E33, E11, E13, E17, E18, E25 and P33 within the Machak Declaration.

**4.** G–DEP codes include a descriptive classification of the violator, the types and amount of drug involved and the suspected locations of criminal activities. NADDIS numbers are multi-digit numbers assigned to drug violators that are known to DEA.

**5.** The deletions identified as "(b)(2) internal markings" appear within pages 1–4 of Exhibit I of the Magruder Declaration.

*Zang v. FBI*, 756 F.Supp. 705, 711–12 (W.D.N.Y.1991) (upholding exemption 3 to withhold notes pertaining to visa eligibility).

### D. Exemption 5—Deliberative process and work product.

Exemption 5, 5 U.S.C. § 552(b)(5), protects from disclosure "inter-agency or intra-agency memorandums or letter which would not be available by law to a party other than an agency in litigation with the agency." This exemption has been construed to encompass civil discovery privileges. Two such privileges are asserted by defendant in this action—the deliberative process privilege[6] and the attorney work product privilege.

 *Work Product.* Exemption 5 incorporates the work product privilege which, pursuant to Fed.R.Civ.P. 26(b)(3), applies to documents "prepared in anticipation of litigation or for trial by or for another party or for that other party's representative". *See, e.g., FTC v. Grolier Inc.,* 462 U.S. 19, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983). The Criminal Division of the Department of Justice withheld five letters in their entirety as work product material. The documents were adequately described as pertaining to developments and requests for assistance in plaintiff's pending extradition proceedings. The exemption for these documents[7] is upheld and summary judgment granted to defendant.

Likewise, the work product exemption applies to the July 19, 1984, telegram[8] from the Department of State to the U.S. Embassy at Rome, which included the text of one of the five letters referenced above.

 The Executive Office of United States Attorneys withheld one document as both a deliberative process and work product document pursuant to exemption 5. The document, a three-page letter written by an Assistant United States Attorney to the Office of International Affairs concerning litigation preparations and advice regarding plaintiff's trial and extradition issues, was properly withheld as work product material in accordance with exemption 5.

 Portions of various cable messages were withheld by DEA as attorney work product material. The information withheld as work product was prepared by government personnel working under the prosecuting attorney's direction and supervision and includes notes on evidence, draft filings and evaluation of events pertinent to plaintiff's criminal prosecution. The work product exemptions claimed by the DEA in accordance with exemption 5 are upheld.

### E. Exemption 7(C)—Privacy Interests within Law Enforcement Records.[9]

 Exemption 7(C), 5 U.S.C. § 552(b)(7)(C), protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to constitute an unwarranted invasion of personal privacy".

The State Department has excised the names of law enforcement personnel in a June 23, 1984, telegram as well as the name of a military officer in a November 14, 1984, telegram. These individuals were involved in the arrest of plaintiff and/or his extradition from Spain. Defendant indicates that disclosure of the names could subject these individuals to harassment or other reprisal, including physical harm.

---

**6.** While many of the documents withheld were claimed to be exempt pursuant to the deliberative process privilege, no information was exempted solely upon this privilege. Because exemptions other than deliberative process are upheld, it is unnecessary to determine whether any exemption was properly sought pursuant to the deliberative process privilege.

**7.** The letters are identified within Appendix I of the October 2, 1992, Declaration of Marshall R. Williams.

**8.** Identified as Document No. E15 within the Machak Declaration.

**9.** An exemption pursuant to § 552(b)(6) has also been sought in connection with the 7(C) exemption. While both exemptions may apply, the 7(C) exemption has been upheld rendering a review of the (b)(6) exemption unnecessary.

Interpol has excised the names of an analyst and an agent within a one-page document released to plaintiff. The Criminal Division of the Department of Justice has withheld the names of special agents and a civil servant; third parties of an investigative interest; the name of a witness; and personal information about third parties in three documents. The DEA relies upon exemption 7(C) to protect from disclosure the names of other defendants, accomplices and third parties in whom the DEA has an investigative interest. The DEA also relied on exemption 7(C) in deleting some DEA criminal case file numbers which, if released, could identify targets who are suspected of illegal drug activity.

■ The privacy interests of law enforcement personnel, as well as third parties in whom law enforcement has an investigatory interest, have been recognized under exemption (7)(C). *Johnson v. U.S. Department of Justice*, 739 F.2d 1514, 1519 (10th Cir.1984), *overruled on other grounds by Hale v. United States Department of Justice*, 2 F.3d. 1055 (10th Cir.1993); *Doherty v. U.S. Department of Justice*, 775 F.2d 49, 52 (2nd Cir.1985); and *Lesar v. Department of Justice*, 636 F.2d 472 (D.D.Cir.1980). The exemption applies, however, only if the privacy interests outweigh the public interest in disclosure. *Johnson, supra*, 739 F.2d at 1519.

■ Although the government has the burden of establishing the applicability of the exemption, it is plaintiff's responsibility to "identify with reasonable specificity the public interest that would be served". *Hale*, 973 F.2d at 900.

■ Plaintiff offers no public interest [10] that might be advanced by disclosure of the identity of the law enforcement personnel whereas defendant has articulated a legitimate privacy interest of these personnel. As

such, defendant's 7(C) exemptions are upheld.

F. Exemption 7(D)—Confidential Sources.

Exemption 7(D) exempts disclosure of investigatory records compiled for law enforcement purposes to the extent production would "disclose the identity of a confidential source" or the "confidential information furnished ... by the confidential source". 5 U.S.C. § 552(b)(7)(D).

■ A 7(D) exemption will be upheld only where the "source furnished [the] information with the understanding that the [law enforcement agency] would not divulge the communication except to the extent the [agency] thought necessary for law enforcement purposes" or when "an implied assurance of confidentiality fairly can be inferred to that particular source". *Hale v. United States Department of Justice*, 2 F.3d 1055, 1057 (10th Cir.1993), quoting *United States Department of Justice v. Landano*, —— U.S. ——, ——, ——, 113 S.Ct. 2014, 2020, 2023, 124 L.Ed.2d 84 (1993).

■ Interpol and the DEA rely upon the confidential source exemption. Interpol is an International Criminal Police Organization that assists its 174 member countries in coordinating law enforcement efforts by compiling and exchanging information on criminal activities. The expectation of confidentiality in the exchange of this information about criminal activity has been documented by the governing body of Interpol by resolutions adopted in 1974 and 1988. The information submitted by Interpol to support application of Exemption 7(D) [11] sufficiently establishes that the source of this information provided the information with the explicit understanding that the information would not be divulged except as necessary for law enforcement purposes.

---

**10.** Plaintiff's sole reason in support of the disclosure of this information was to advance his personal interest in attempting to demonstrate that the "rule of specialty" was violated after plaintiff's extradition to the U.S. FOIA, however, is concerned with the public interest—it was not intended to benefit private litigants. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 143 n. 10, 95 S.Ct. 1504, 1513 n. 10, 44 L.Ed.2d 29 (1975).

**11.** Interpol also claims an exemption pursuant to 5 U.S.C. § 552(b)(7)(A) with respect to this information. Inasmuch as the 7(D) exemption is upheld, application of the 7(A) exemption is not addressed.

■ The information sought to be protected by the DEA was provided to DEA special agents by Italian law enforcement officials and concern the anti-drug collaborative efforts between DEA and Italian law enforcement authorities. An inference of confidentiality is established under these circumstances which include efforts to combat international drug trafficking, an arena where confidentiality is implicitly understood.

G. Exemption 7(F)—Endangerment to Law Enforcement Personnel.

The DEA relies upon exemption 7(F) to withhold the names of law enforcement personnel. For reasons similar to those supporting application of exemption 7(C) to protect the identities of law enforcement personnel, this exemption is also upheld.

Accordingly, and for the reasons stated herein,

IT IS HEREBY ORDERED that defendant's motion for summary judgment is granted in part and denied in part. IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is granted in part and denied in part. This matter is hereby dismissed and all further relief denied.