**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 25 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALVIE JAMES HALE, JR.,

      Plaintiff-Appellant,

v.

UNITED STATES DEPARTMENT
OF JUSTICE, and its component, the
FEDERAL BUREAU OF
INVESTIGATION,

      Defendant-Appellees.

No. 98-6426

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. CIV-89-1175-T)**

**Submitted on the briefs:**[*]

Scott W. Braden, Assistant Federal Public Defender, Oklahoma City, Oklahoma,
for Plaintiff-Appellant.

Patrick M. Ryan, United States Attorney, and Tom Majors, Assistant United
States Attorney, Oklahoma City, Oklahoma, for Defendants-Appellees.

Before **SEYMOUR,** Chief Judge, **PORFILIO** and **EBEL**, Circuit Judges.

    \* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause therefore is
ordered submitted without oral argument.

**EBEL**, Circuit Judge.

Plaintiff-Appellant Alvie James Hale, Jr. ("Hale") appeals from a district court order granting summary judgment in favor of the United States on Hale's claims that the United States improperly withheld certain documents pursuant to 5 U.S.C. § 552(b)(7)(D) of the Freedom of Information Act ("FOIA"). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

In 1983, Hale was convicted and sentenced to twenty years imprisonment in the United States District Court for the Western District of Oklahoma under the Hobbs Act, 18 U.S.C. § 1951, for his actions in connection with the kidnaping and murder of William Jeffrey Perry. See Hale v. United States Dep't of Justice, 973 F.2d 894, 896 (10th Cir. 1992) ("Hale I"). The following year, Hale was convicted of murder and kidnaping by the State of Oklahoma for his role in the same crime and sentenced to death. Id.

In the course of pursuing a collateral attack on his sentence of death, Hale requested the release of information concerning the kidnaping and murder of William Jeffrey Perry under the FOIA from the United States Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") (collectively "the Government"). The Government withheld certain information claiming it was

exempt from disclosure under several FOIA exemptions. Hale subsequently filed suit in the United States District Court for the Western District of Oklahoma seeking injunctive relief. The district court upheld all claims of exemption and granted summary judgment in favor of the Government. We affirmed the district court's ruling. See Hale I, 973 F.2d at 898. Hale then filed a petition for writ of certiorari with the United States Supreme Court. The Court granted certiorari, vacated this court's judgment in Hale I, and remanded the case to this court for further consideration in light of United States Department of Justice v. Landano, 508 U.S. 165, 113 S. Ct. 2014, 124 L. Ed. 2d 84 (1993). In Landano, the Supreme Court held that under exemption 7(D) of the FOIA, which exempts the Government from disclosing the identity of a confidential Government source and information provided by that source compiled for law enforcement purposes, see 5 U.S.C. § 552(b)(7)(D)[1], there is no presumption that all sources who furnish information to the FBI are "confidential sources." Landano, 508 U.S. at 174-79.

On remand from the Supreme Court, we applied Landano, to "modify the Tenth Circuit rule concerning Exemption 7(D) to require a source-by-source

---

[1] Exemption 7(D) allows the Government to withhold "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (D) could reasonably be expected to disclose the identity of a confidential source . . . and, in the case of . . . information compiled by criminal law enforcement authority in the course of a criminal investigation . . ., information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D).

determination of the expectations of confidentiality." Hale v. United States Dep't of Justice, 2 F.3d 1055, 1057 (10th Cir. 1993) ("Hale II"). We then remanded the case to the district court for reconsideration of the government's claimed exceptions based on exemption 7(D). Id. at 1058. We instructed the district court to make particular findings as to each source and determine whether or not the "source 'furnished [the] information with the understanding that the FBI would not divulge the communication except to the extent the Bureau thought necessary for law enforcement purposes.'" Id. at 1057 (quoting Landano, 508 U.S. at 174) (alteration in original).

On remand, the district court, after an in camera review of the documents, again granted summary judgment in favor of the Government. See Hale v. United States Dep't of Justice, 99 F.3d 1025, 1029 (10th Cir. 1996) (Hale III). On appeal, this court determined that the district court failed "to conduct a 'source-by-source' analysis of the documents to which the Government was asserting implied confidentiality." Id. at 1032. We held that the district court's almost exclusive focus on the nature of the crime to justify the claimed exemptions was insufficient. Id. We stated that a district court must make explicit findings as to why each particular source expected that the information provided would be kept confidential. Id. at 1032-33. Once again, we remanded the case back to the district court.

On remand from this court, the FBI provided Hale and the district court with a new Vaughn affidavit, see Vaughn v. Rosen, 484 F.2d 820, 826-28 (D.C. Cir. 1973), which described the procedures used by the FBI in conducting interviews. The affidavit also explained the various categories into which the sources fell and generally explained why the sources in each category would expect that their communications with the FBI would be kept confidential. In addition to the affidavit submitted to the district court and to Hale, the FBI filed a second Vaughn affidavit to the court under seal that went through each document withheld and the reasons why the source of the information spoke with an understanding of implied confidentiality. After an in camera review of the documents, the district court granted summary judgment in favor of the Government, issuing both a public opinion, and an opinion under seal which further explained its reasoning. Hale now appeals.

II.

"[W]here the district court has granted summary judgment in favor of the Government agency, we must review de novo the district court's legal conclusions that the requested materials are covered by the relevant FOIA exemptions." Hale III, 99 F.3d at 1029 (quoting Anderson v. Dep't of Health & Human Servs., 907 F.2d 936, 942 (10th Cir. 1990)) (alteration in original). As part of this review, we have conducted an in camera inspection of the documents in dispute. "In so

doing, we recognize that, because this is an appeal from a grant of summary judgment in favor of the government, we must examine the record and reasonable inferences therefrom in the light most favorable to Hale." Id. at 1029.

As we stated in Hale III, "an inference of implied confidentiality should be evaluated on a case-by-case basis." Id. at 1030. This involves looking at the nature of the crime involved and the sources related to it. See Landano, 508 U.S. at 179. In Landano, the Supreme Court expressed its belief that "the Government [will] often [be able to] point to more narrowly defined circumstances that will support the inference [of confidentiality]." Id. However, it is necessary that when the Government relies on an inference of confidentiality it provides the court with a Vaughn affidavit that provides sufficient detail on a source-by-source basis to support an inference. Likewise, the district court must make specific findings with regard to each source as to why the source spoke with an understanding of confidentiality. In our most recent remand to the district court, we instructed the court to make explicit findings as to why exemption 7(D) is applicable to a specific source. Moreover, we stated that the justifications for applying the exemption must be grounded upon "the source's relation with Hale or the crime" and the court must further explain why that source expected that the information he or she provided would be kept confidential.

As noted above, following the remand in Hale III, the Government submitted a detailed Vaughn affidavit under seal which went through each document withheld, identified the source for the document, and explained why that source spoke under an implied promise of confidentiality.[2] The district court, after reviewing the Vaughn affidavit and conducting an in camera review, upheld the claimed exemptions under exemption 7(D). In doing so, the court first pointed out that this was a violent crime involving a kidnaping and a murder. The crime took place in a small community where most people knew each other, thus the interviewees would likely be known to any involved individuals. Moreover, at the time of the investigation, which is when most of the interviews were conducted, it was unknown whether there were others involved in carrying out the

_____

[2] Hale argues that the Government's Vaughn affidavit was insufficient. We disagree. As noted above, the Government submitted both a public Vaughn affidavit and an affidavit under seal. We explained in Hale III that although the Government must provide sufficient detail in its Vaughn affidavit to support an assertion of implied confidentiality, it "need not provide so much detail that the confidentiality is destroyed." Hale III, 99 F.3d at 1031 n.6. Thus, where the Government is unable to provide adequate detail without jeopardizing confidentiality, we stated that it could explain why this was the case and submit in camera affidavits. The Government in this case explained that because the information supplied by each source was sufficiently detailed and because this case took place in a small town where most everyone knew everyone else, the public dissemination of the documents would reveal the identity of the sources. We are persuaded by this explanation and find that it was appropriate for the Government to submit, in addition to its public Vaughn affidavit which provided some explanation and justification, an in camera affidavit. The in camera affidavit provided the district court with the necessary detail on a source-by-source basis.

criminal conduct.[3]  After explaining the nature of the crime, the district court

followed this court's instructions in Hale III and went through the FOIA request

source by source and document by document, explaining the relation of the source

to either Hale or the crime and further explaining why each source spoke with an

inference of confidentiality.  After reviewing the district court's order and the

documents in question, we agree with the district court that the documents were

properly withheld pursuant to exemption 7(D).[4]

The justifications given by the Government and accepted by the district

court for why each source spoke with an inference of confidentiality generally

breaks down into three categories.  The first category consists of those sources

where confidentiality was implied due to the sources' reasonable fears of

retribution.  See Hale III, 99 F.3d at 1032 (finding that fear of retribution can

---

[3] As we explained in Hale III, in determining on a source-by-source basis whether confidentiality was implied, we must look to the circumstances at the time information was communicated to the FBI.  See Hale III, 99 F.3d at 1031 n.5.

[4] Hale argues throughout his brief that the information being withheld could be potentially exculpatory.  An individual's need for the requested information, however, is "immaterial to whether that information is protected from disclosure by one of the exemptions to the FOIA."  Engelking v. Drug Enforcement Admin., 119 F.3d 980, 980-81 (D.C. Cir. 1997) (holding that plaintiff's need for the information, even when the information is claimed to be exculpatory in nature, is irrelevant to whether an exemption applies under the FOIA).  Thus, the fact that Hale seeks the requested documents to support a claim under Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), is irrelevant to our determination as to whether the documents are exempted from disclosure under exemption 7(D) of the FOIA.

justify an inference of confidentiality).  Several sources gave detailed information about Hale, about his whereabouts during critical times during the execution of the kidnaping and murder, about the underlying events during the execution of the kidnaping and the gathering of the ransom money, and about the people with whom Hale associated.  At the time the FBI conducted these interviews it was unclear if Hale had acted alone during the crime or whether he may have worked with accomplices who might have violent propensities.  Thus, the people who provided detailed information surrounding the crime itself, information that would only be known to a few people, would logically be fearful of retribution by these potential unknown associates.  In addition, some information came from a prison inmate.  The fear of retribution with regard to this source is obvious.  Finally, there were several sources who spoke through third parties.  A source's reluctance to speak directly with the FBI is a clear sign that the source wanted to remain confidential.  See Steinberg v. United States Dep't of Justice, 179 F.R.D. 357, 365 (D. D.C. 1998) (holding that an implied promise of confidentiality existed when source would only speak with the FBI through an intermediary).

A second category of sources includes those sources where confidentiality was implied based on a special or close relationship with Hale.  We cannot detail the relationships here without revealing the identities of the sources; however, after examining the nature of the information revealed, we agree with the district

court that these people would not have spoken as they did without an inference of confidentiality. Cf. Ortiz v. United States Dep't of Health & Human Serv., 70 F.3d 729, 734 (2d Cir. 1995) (finding an inference of confidentiality based on fact that information in a letter written by source could lead to a possible criminal investigation into an individual with whom source obviously had a close relationship).

The final category of sources include those where an implied promise of confidentiality was based on a special or close relationship with the victim and the nature of the information disclosed. After reviewing the information provided and the particular circumstances surrounding each communication, we again agree with the district court that the type of information that was provided by these sources, some of which could be damaging to the reputations of various individuals, would not have been communicated to the FBI, given these individuals relationship with the victim, if an inference of confidentiality had not existed.

Each of the sources discussed by the district court generally fall within one or more of the above categories. We agree with the district court that the particular circumstances of each source discussed raises an inference of confidentiality and we therefore affirm the district court's finding that exemption

7(D) applies to the information in question for substantially the same reasons as those given in the district court's public and under seal orders.

During our in camera review of the disputed documents, we came across two documents that the Government claims are exempt from disclosure under exemption 7(D), but which the district court failed to address. Normally we would remand to the district court to consider these two documents; however, given the lengthy history of this case, we have elected to review the validity of these exemptions in the first instance. Our review of the documents in camera convinces us that these documents were also properly withheld under exemption 7(D). The information withheld in these documents also falls within one or more of the three categories outlined above. Some of the information withheld would logically cause the source to fear retribution and thus a logical inference can be made that this information was given in confidence. Other information falls within the third category as information discussing the victim from someone who knew the victim well involving particular information that suggests it was given under an understanding of confidentiality. For the reasons stated above, we find that this information was also provided with an inference of confidentiality.

In conclusion, we hold that all the materials in question in this appeal are protected from disclosure by exemption 7(D) and AFFIRM the judgment of the district court.