Harvey Frank ROBBINS, and the High Island Ranch and Cattle Company, Plaintiff,

v.

UNITED STATES BUREAU OF LAND MANAGEMENT, an Agency of the United States Department of Interior; Gale Norton, in her official capacity as Secretary of the United States Department of the Interior; Kathleen Clarke, in her official capacity as Director of Bureau of Land Management; Bob Bennett, in his official capacity as Director of Wyoming State Bureau of Land Management; Darrell Barnes, in his official capacity as Field Manager of the Worland Field Office for the Bureau of Land Management, Defendants.

No. 03–CV–230–D.

United States District Court, D. Wyoming.

Jan. 14, 2004.

Karen J. Budd–Falen, Budd–Falen Law Offices, Cheyenne, WY, for Plaintiff.

Hugo Teufel, III, U.S. Department of the Interior, Washington, D.C., for Defendants.

*ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ENJOIN DEFENDANTS FROM WITHHOLDING DOCUMENTS*

BEAMAN, United States Magistrate Judge.

The above-entitled matter, having come before the Court on plaintiff's Motion to Compel Production of Documents and Enjoin Defendants from Withholding Documents, and the Court having carefully considered the motion and responses thereto, and being fully advised in the premises FINDS:

1. This action originally comes before the Court on the plaintiff's claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B), *as amended,* and 43 C.F.R. § 2.17 (2000), to compel the production of records by the Bureau of Land Management ("BLM"). Specifically, the plaintiff seek the production of documents requested by the plaintiff between February 17, 2003 and October 3, 2003.

2. In the instant motion, plaintiff requests that the Court enter an order compelling the defendants to produce documents in compliance with plaintiff's multiple FOIA requests. The plaintiff states that he has been involved in litigation with employees of the Worland, Wyoming Office of the BLM since 1998. As part of the ongoing litigation, the

plaintiff allegedly made ten FOIA requests to the BLM from February 17, 2003 to October 3, 2003, and the BLM has not responded to seven of those ten requests.

The plaintiff alleges that he has attempted to obtain many of these documents through routine discovery in a separate federal court action, but the BLM has refused to produce these documents through discovery on the grounds that the proper method of obtaining these documents is through FOIA. The plaintiff argues that this is not the first time he has had to force the Worland BLM to comply with FOIA. According to the plaintiff, as part of a consolidated administrative hearing in 2001, he made several FOIA requests to the Worland BLM. The plaintiff states that the BLM failed to respond to six of the requests and he was forced to file a complaint with this Court seeking to force the Worland BLM to comply with its statutory obligations. The plaintiff provides an explanation of the case as stated by the United States District Court, for the District of Wyoming, the Honorable William F. Downes presiding:

> On September 5, 2001, after the BLM failed to respond to any of the six FOIA requests, the Plaintiff filed a complaint, pursuant to 5 U.S.C. § 552(a)(4)(B), to compel the BLM to comply with the requests. After this litigation was filed, the BLM finally decided to respond to the Plaintiff's requests. Curiously, the Plaintiff's attorneys received the BLM's FOIA responses on the very day that the trial for which some of the information was being sought began.

See Order on Application for an Award of Attorney's Fees and Costs, at 2 (Robbins v. BLM, Civ. No. 01–CV–158–D). The plaintiff contends that the BLM's failure to comply with the requirements of FOIA harmed his ability to defend himself against decisions issued by the BLM. Subsequently, the plaintiff states that he filed for an award of attorney fees. However, the Court held that since BLM complied with Mr. Robbins' FOIA requests, Mr. Robbins was not entitled to attorney fees. See Buckhannon Bd. & Care Home v. West Virginia Dep't of Health & Human Resources, 532 U.S. 598, 121 S.Ct.

1835, 149 L.Ed.2d 855 (2001). The plaintiff claims that the Court provided a strong condemnation of the Worland BLM's conduct:

> This result should not be interpreted as a condoning of the BLM's conduct in this matter. Arrogance of authority, and indifference to citizens' legitimate interests, even the appearance of such vices, should be avoided by public servants. The BLM's conduct in this matter is troubling to this Court and it will not soon be forgotten. A matter of this nature involving this agency should not appear on my desk again.

Order on Application for an Award of Attorney's Fees and Costs, at 5 (Robbins v. BLM, Civ. No. 01–CV–158–D).

The plaintiff argues that FOIA is a disclosure statute for the purpose of ensuring an informed citizenry and to hold government accountable. The plaintiff provides that under FOIA each agency, upon a request for records, shall determine within 20 days whether to comply with the request and shall notify the person making the request and the reasons therefor. 5 U.S.C. § 552(a)(6)(A)(i). However, the plaintiff suggests that the BLM regulation shortens the applicable time to respond to ten days. 43 C.F.R. § 2.17.

The plaintiff states that all ten of the FOIA records requested between February 17, 2003 and October 3, 2003, were made in accordance with the FOIA procedures. In addition, the plaintiff states that all ten requests were sent by certified mail. According to the plaintiff, the BLM has not responded to seven of the ten requests, and only partially responded to three of the requests. The plaintiff argues that "the facts and circumstances clearly indicate that the Worland BLM is ignoring or abusing the FOIA process in an attempt to chill Mr. Robbins' lawful attempt to prepare for a trial against individual Worland BLM employees in his separate litigation, ... just as they did in the administrative hearing process in 2001." Plaintiff's Motion, at 6. The plaintiff states that BLM has refused to now provide these documents through discovery in this case on the claim that the plaintiff must obtain these documents through FOIA. The plaintiff asserts that the BLM has consistently refused to provide the requested docu-

ments under FOIA. Specifically, the plaintiff alleges that the BLM has denied the documents under exemption 5 of FOIA.

The plaintiff contends that exemptions under FOIA are to be narrowly construed. *Dep't of Air Force v. Rose,* 425 U.S. 352, 361, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976); *Herrick v. Garvey,* 298 F.3d 1184, 1189 (10th Cir. 2002). In addition, the plaintiff argues that the burden is on the agency to justify the exemption. *Herrick,* 298 F.3d at 1189. Further, the plaintiff claims that "[t]o satisfy its initial burden under the Act, the agency 'must provide a detailed analysis of the requested documents and the reasons for invoking the particular exemption.'" *Plaintiff's Motion,* at 7 (quoting *Johnson v. U.S. Dept. of Justice,* 739 F.2d 1514, 1516 (10th Cir.1984)) *overruled on other grounds Hale v. U.S. Dept. of Justice,* 2 F.3d 1055 (10th Cir.1993).

The plaintiff states that "inter-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." *Motion,* at 7 (quoting 5 U.S.C. § 552(b)(5)). According to the plaintiff, to qualify for this exemption a document must be: (1) from a government agency; and (2) it must fall within the a privilege against discovery under judicial standards that would govern litigation against the agency. *Dep't of Interior v. Klamath Water Users Protective Ass'n,* 532 U.S. 1, 2, 121 S.Ct. 1060, 149 L.Ed.2d 87 (2001). The plaintiff asserts that only documents that are privileged in civil discovery are exempt. Finally, the plaintiff alleges that the BLM has failed to support its exemption 5 claim and therefore should be ordered to produce the requested documents or provide an adequate rationale for the denial. The plaintiff moves the Court to grant immediate relief or expedite the review of this case.

3. The defendants move the Court to deny the instant motion. The defendants state that the plaintiff has failed to cite a rule or Court order supporting their motion. Further, the defendants assert that there are no applicable rules or orders in the instant case that the defendants have failed to comply with. According to the defendants, the plaintiff seeks an order compelling disclosure of the very information that is subject of this litigation. The defendants insist that this disclosure would be premature and would not allow the defendants to litigate the defendants' position on the merits. *Cf.,* U.S. DEP'T OF JUSTICE, *Freedom of Information Act Guide & Privacy Act Overview,* 621 (2002) ("FOIA Overview") (citing *Aronson v. HUD,* 869 F.2d 646, 648 (1st Cir.1989)).

The defendants contend that the plaintiff's motion is premature. Specifically, the defendants assert that the BLM has completed its search and review for responsive records for nearly all of Robbins' outstanding requests. In addition, the defendants claim that the Office of the Solicitor, pursuant to the Department of Interior's FOIA regulations, is conducting a legal review of records that BLM seeks to withhold under the applicable exemptions. The defendants claim that once the review has been completed, the BLM will provide the releasable records to the plaintiff. The defendants suggest that, "this Court should deny Robbins' Motion to Compel in order to allow the Defendants to provide responsive records to Robbins, and to allow Robbins to re-evaluate his action in light of the releases, as is intended under FOIA." *Defendants' Opposition,* at 3.

The defendants argue that the appropriate vehicle for a speedy resolution of this case is not the instant motion, but a motion for summary judgment under Rule 56. *FOIA Overview,* at 693 (citing *Cooper Cameron Corp. v. U.S. Dep't of Labor,* 280 F.3d 539, 543 (5th Cir.2002)) ("Summary judgment resolves most FOIA cases"). As such, the defendants state that to allow the plaintiff to circumvent the time frame of a FOIA lawsuit would void the meaning of FOIA litigation.

Finally, the defendants argue that as they have filed an answer and are close to completing its review of responsive documents there is no need to expedite the review of this case.

4. In his reply brief, the plaintiff states that in a previous case the BLM waited until it was sued before providing the requested documents, thus making the case moot and preventing the plaintiff from obtaining attor-

ney fees and costs. The plaintiff alleges that the BLM is doing the same exact thing in this case. Specifically, the plaintiff asserts that the BLM willfully failed to provide any response to eight FOIA requests made by Mr. Robbins since February 17, 2003. The plaintiff contends that now that it has been sued the BLM is eager to provide the FOIA requests.

The plaintiff claims that the BLM has ignored this Court's previous warning and is conducting business with "arrogance of authority." The plaintiff states that in the previous case, the Court was unable to award him attorney fees due to the United States Supreme Court's decision in *Buckhannon.* The plaintiff argues that the Court can rule on the merits of the case prior to the BLM being allowed to comply on its own accord. Additionally, the plaintiff provides that this would allow the Court to award Mr. Robbins attorney fees under the *Buckhannon* rule and provide a stronger deterrent for the BLM's misconduct.

The plaintiff suggests if the Court finds the instant motion is procedurally inappropriate, this Court may nonetheless rule in favor of Mr. Robbins regarding the merits of this case, pursuant to FED. R. CIV. P. 56. The plaintiff alleges that in the Defendants' Opposition to Mr. Robbins Motion to Compel, the defendants admit that they have not complied with FOIA. Therefore, the plaintiff contends that there is no longer a an issue of material fact to dispute.

■ 5. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, parties to a lawsuit may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." FED. R. CIV.P. 26(b)(1). The purpose of the rule is to allow broad discovery of relevant information, even if that information is not admissible at trial, so long as it is "reasonably calculated to lead to the discovery of admissible information." *Id.* In addition, and as emphasized by controlling precedent from this circuit, a trial court has broad discretion in fashioning the terms and conditions of discovery. *See, e.g., Marsee v. U.S. Tobacco Co.,* 866 F.2d 319 (10th Cir.1989).

■ However, the Court notes that the current case is an action brought under FOIA. Specifically, the plaintiff seeks the production of documents it has previously been denied access to by the BLM. Now, in the instant motion, the plaintiff moves the Court to compel the production of the very documents that litigation is about. If the Court granted plaintiff's motion, it would convert the discovery motion into a dispositive motion and dispose of the case. The time is not yet ripe for the determination of dispositive motions. Therefore, the Court finds that the instant motion is premature and will deny the motion.

NOW, THEREFORE, IT IS ORDERED, that the plaintiff's Motion to Compel Production of Documents and Enjoin Defendants from Withholding Documents be, and the same hereby is, DENIED.